Jon Lee ALLEN, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–067–CR.

Court of Appeals of Texas,
Waco.

Aug. 1, 2001.

George R. Trimber, Michael Byrne, Cleburne, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., David W. Vernon, Johnson County Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

## OPINION

GRAY, Justice.

Jon Lee Allen, Sr. pled guilty to and was convicted of three counts of aggravated sexual assault. Allen asked the jury to assess punishment. They sentenced him to 75 years in prison on each count. He appeals, asserting error in the denial of his challenges for cause during voir dire. We affirm.

### BACKGROUND

Allen was married in 1982 and had two children during the marriage, a boy and a girl. He began sexually assaulting his daughter while she was in third grade. She was seven or eight-years-old at the time the assaults began. When she was older, Allen paid her for the assaults. Allen sexually assaulted her about two or more times a month until she was twelve years old. She finally told her mother about the assaults after a church retreat. Allen's wife confronted him and, although he initially denied what had happened, he admitted he had been sexually assaulting his daughter. He moved out of the house, sought counseling, and contacted an abuse hotline.

### CHALLENGE FOR CAUSE

In his first issue, Allen contends the trial court erred when it either expressly or implicitly denied 21 of his 23 challenges for cause at the conclusion of voir dire. Allen first listed 20 prospective jurors whom he challenged for cause, alleging these jurors could not consider the entire range of punishment. Later, Allen added three more prospective jurors to the list.

*APPLICABLE LAW*

Qualified prospective jurors must be willing to consider the full range of punishment applicable to the offense submitted for their consideration. *Banda v. State*, 890 S.W.2d 42, 55 (Tex.Crim.App. 1994). They must be able to conceive of situations of where both a minimum and maximum penalty would be appropriate. *Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim.App.1992). An offense submitted for the jury's consideration is any statutory classification that could be applicable to the case at hand to which the full punishment would apply. *Johnson v. State*, 982 S.W.2d 403, 407 (Tex.Crim.App.1998) (Keller, J., concurring); *Brantley v. State*, 48 S.W.3d 318, 326(Tex.App.—Waco, 2001, no pet. h.). Under this definition, any combination of statutory elements constituting a convictable offense in the case in question would be an offense submitted for consideration. *Johnson*, 982 S.W.2d at 407. The inability to consider the full range of punishment constitutes a bias or prejudice against the law and renders a prospective juror challengeable for cause by the defendant or by the State. *Fuller*, 829 S.W.2d at 200; *Pyles v. State*, 755 S.W.2d 98, 103 (Tex.Crim.App.1988). However, a prospective juror is not required to consider the full range of punishment under the particular facts of the case. *Sadler v. State*, 977 S.W.2d 140, 143 (Tex.Crim.App. 1998); *Chimney v. State*, 6 S.W.3d 681 (Tex.App.—Waco 1999, no pet.).

*VOIR DIRE*

Because punishment was the sole issue for the jury to resolve, the parties spent a great deal of time questioning the prospective jurors about whether they could consider the entire range of punishment for an aggravated sexual assault offense. The State informed the jury that because Allen filed a sworn application for probation, probation became an option for them to consider.[1] The word "consider" was em-

---

1. We have concerns about whether probation is ultimately within the range of punishment

phasized and explained to the panel. They were told they would have to consider, or keep an open mind about, probation until they heard all the facts of the case. The State then gave a couple of hypotheticals to the panel of an aggravated sexual assault where a child was involved.

And let me give you an example of a case where—a sexual assault of a child case. . . . What if you have a 17–year–old boy, just turned 17, and he got a new car and he is going to go on a date with a girl who is 13 years old and 11 months and 30 days. She's almost 14, one day less. They go on a date and one thing leads to another and that 17–year–old boy, who's never been in trouble before, he touches that girl's breast, or he touches her vaginal area. Would you consider probation? Sure you would. Are you going to send that guy straight to the penitentiary at 17–years–old? Not going to happen. Would everybody consider probation in that case? Sure you will. Okay.

We could do another one. What if you had an 18–year–old boy and a 13 and 11–month–old girl and she was a very aggressive, going on 25, girl and he was just, you know, kind of your normal 18–year–old boy and one thing led to another in the back seat of a car and sexual relations occurred, would you consider probation in that case? Probably you would consider it. Not saying what you would do, but you would consider it. Or what if there was alcohol involved on both parts? Maybe the girl brings a six-pack with her. Would you consider probation in that case?

The State began to question the panel members individually about whether they would consider probation. Five prospective jurors who could not consider probation, even under the scenarios given, were eventually struck for cause after being challenged by the State.

Later, the State covered the other end of the punishment spectrum with the panel.

Let me go to the other end. And to illustrate the point, I'm going to walk way over here. Could you consider giving 99 years, or life, on a sexual assault of a child case? And you say, "Whoa, that's a lot." It is a lot. But we've considered the low end of the punishment range. Could everybody consider the high end of the punishment? . . . If you can't consider giving a life sentence, then you cannot serve. It doesn't mean that you're going to give it. It means can you consider it in the right kind of case.

Two prospective jurors could not consider giving a life sentence for the offense. They were challenged and struck for cause.

When Allen's counsel began his voir dire examination, he also questioned the panel about their ability to consider probation in a sexual assault of a child case. After starting his hypothetical at an offense involving a 50–year–old man and a 5 year old child, he narrowed it to a thirty-year-old man and a 10 to 12–year–old girl. Of those specifically questioned, four prospective jurors stated they could consider probation under the defense's hypothetical. The remainder either could not consider probation or found it difficult to consider probation under this hypothetical.

for a jury to consider, especially in light of the Court of Criminal Appeals' recent opinion in *Ex parte Williams,* — S.W.3d —, —, No. 73,845, slip op. at 3, 2001 WL 356290 (Tex. Crim.App. April 11, 2001) reiterating that community supervision is not a sentence or

even part of a sentence. However, we need not decide that particular issue today to dispose of this appeal. *See Brantley v. State,* 48 S.W.3d 318, 326 (Tex.App.—Waco, 2001, no pet. h.).

At the conclusion of Allen's voir dire examination, defense counsel announced challenges for cause of 23 prospective jurors. The trial court allowed the State to question those jurors again about their ability to consider probation. The State questioned only those 16 jurors in the strike range, in essence, those who could potentially be selected as jurors. The original hypothetical of a 17–year–old boy and an almost 14 year-old girl was again proposed. The State, however, added two more scenarios for the prospective jurors' consideration. One involved a 19–year–old boy with a diminished mental capacity and a 13–year–old girl, and the other involved an intoxicated 20–year–old and a 13–year–old. Only 2 of the 16 specifically questioned decided that they could not consider probation under those circumstances. The trial court granted Allen's challenges for cause of those two prospective jurors.

The court specifically denied 13 challenges, and because the remaining 8 challenged prospective jurors were not struck for cause, implicitly denied those challenges. See Tex.R.App. P. 33.1(a)(2)(A). Allen ultimately used peremptory challenges to strike 6 of the prospective jurors challenged for cause. He used 4 peremptories to strike others not challenged for cause. No additional peremptories were requested or granted.

PRESERVATION

■ The State contends that Allen did not preserve this issue for our review because he failed to request additional peremptory challenges and failed to identify which objectionable juror remained before the jury was empaneled. We disagree. Since 1944, harm, not preservation, has been demonstrated when an appellant (1) exercises his peremptory challenges on the prospective juror whom the trial court erroneously failed to excuse for cause, (2) exhausts his peremptory challenges, (3) is denied a request for additional challenges,

and (4) identifies an objectionable juror who sat on the case. *Johnson v. State*, 43 S.W.3d 1, 5–6 (Tex.Crim.App.2001). The Court of Criminal Appeals has recently acknowledged that in the past, the Court's opinions had confused preservation of error and harm issues within the context of an erroneous denial of a challenge for cause. *Id.* at n. 6. Thus, the steps allegedly missed by Allen are used to determine harm after error, if any, rather than preservation of the issue.

APPLICATION

■ The prospective jurors that remained on the panel at the conclusion of voir dire were able to conceive of situations where either probation or the maximum punishment, 99 years or life, would be appropriate for the offense submitted for their consideration. That the prospective jurors may not have been able to consider probation for the particular hypothetical proposed by Allen is of no consequence. While the questions and answers may have been appropriate to assist Allen in making his peremptory challenges, a negative answer did not support a challenge for cause. We note that the hypothetical proposed came perilously close to an attempt to commit the prospective jurors to a certain punishment based on the facts peculiar to the case being tried.

We hold the trial court did not err in denying Allen's challenges for cause. His first issue is overruled. Because the jurors challenged were not subject to being struck for cause, we need not determine whether Allen's counsel was ineffective for failing to preserve the issue for review.

CONCLUSION

The trial court's judgment is affirmed.