William Ray GEARHART, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–169–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Dec. 11, 2003.

Joseph V. Collina, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, Isidro Christian Pineda, John T. Hubert, Asst. Dist. Atty's, for state.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

The State indicted William Ray Gearhart, appellant, as a repeat felony offender for assaulting a public servant.[1] On March 5, 2002, a jury convicted Gearhart and sentenced him to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. We conclude that Gearhart's appeal is frivolous and without merit. We affirm.

## I. BACKGROUND

Gearhart filed a pro se notice of appeal on March 8, 2002. In the notice, Gearhart complained about his trial counsel's representation. He asked the trial court to appoint appellate counsel to represent him. The trial court appointed new counsel for him on appeal. Gearhart's appellate counsel filed a brief in which counsel concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## II. APPLICABLE APPELLATE RULES

The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* TEX. CONST. art. I, § 16; *see also Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. TEX.R.APP. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Gearhart's right of appeal. *See* TEX. R.APP. P. 25.2(a)(2). We received a supplemental record on December 10, 2003 that includes the trial court's certification that Gearhart has the right of appeal. We now turn to the merits.

## III. DISPOSITION

### A. Anders Brief

■ Gearhart's original court-appointed appellate counsel filed a brief in which he concludes that this appeal is frivolous. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396. Counsel certifies: (1) he diligently reviewed the record for reversible error; (2) he was unable to find any error that would arguably require reversal of the trial court's judgment; (3) in his opinion, the appeal is without merit; (4) he served a copy of the brief on Gearhart; and (5) he informed Gearhart of his right to review a complete copy of the appellate record and file a pro se brief on his own behalf. *See*

---

1. *See* TEX. PEN.CODE ANN. §§ 22.01(a), (b), (d); 12.42(d) (Vernon 2003).

*Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396; *see also High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978).

■■■■ An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *High,* 573 S.W.2d at 812. Counsel's brief does not advance any arguable grounds of error, but does contain a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim.App. 1974). With relevant citation to legal precedent and the record, counsel professionally evaluates the indictment, pre-trial motions, voir dire, opening statements, sufficiency of the evidence, jury charge, closing argument, and punishment phase. Arguable grounds of error should be advanced by counsel as required by *Anders,* if there are any. *See id.* However, we do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consider worthy of inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. *See id.* We hold that counsel's brief is not the "conclusory statement" decried by *Anders. See id.*

In response to counsel's brief, Gearhart filed a pro se brief. Gearhart's original appointed counsel withdrew while this appeal was pending. The trial court appointed substitute appellate counsel.

### B. Pro Se Brief

Gearhart asserts he was falsely accused of assaulting a public servant, a police officer with the Kingsville Police Department. He maintains that after he filed an internal affairs complaint regarding the incident, he was retaliated against when the State arrested him again for filing a false report and charged him with aggra-

vated perjury. Generally, Gearhart challenges the sufficiency of the evidence to support his conviction. He claims he was attacked, without provocation, by two Kingsville police officers. He denies he attacked one of the officers first. He cites to purported inconsistencies in the testimony at trial in support of his position. Gearhart also claims that the State did not present evidence of his prior conviction for assault on a public servant to support his conviction and resulting enhanced punishment as a repeat felony offender.

Gearhart also complains his trial counsel was ineffective. He argues that his trial counsel did not subpoena the videotape from the arresting officer's squad car or the audiotapes of an emergency call made by a witness, a clerk at the convenience store where the altercation took place. The tapes, Gearhart asserts, would have substantiated his version of events. Gearhart also alleges his counsel was ineffective by not objecting to the jury. He claims that jurors who indicated in voir dire they knew the prosecutor or his family ended up on the jury and that his trial counsel permitted venire members to remain on the jury despite Gearhart's instructions to the contrary. Further, Gearhart alleges his trial counsel was ineffective by not delivering a closing argument that challenged the testimony of the officer about an injury that the officer had not included in his original report of the incident. Finally, Gearhart complains that his trial counsel made an inappropriate remark to the prosecutor, after the jury retired to deliberate, reflecting counsel's belief that the jury would find Gearhart guilty.

### C. Independent Review of the Record

Since this is an *Anders* case, we independently review the record for error. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *see also*

*Ybarra v. State,* 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2002, no pet.).

### 1. The Indictment

■ The indictment properly alleges the offense of assault of a public servant. *See* TEX. PEN.CODE ANN. § 22.01(a)(1), (b), (d) (Vernon 2003). It also properly alleges three prior offenses as repeat felony offender enhancement. *See* TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon 2003). Even if errors did exist in the indictment, the error could not be raised on appeal because Gearhart did not file a pre-trial motion alleging any error in the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 1977); *Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App.1990). We find no arguable error in the indictment.

### 2. Pre–Trial Motions

■ The record reflects that the trial court heard Gearhart's discovery motion regarding production of the videotape from the arresting officer's squad car and any audiotape of the emergency call made by the convenience store clerk. The State responded that it had no such evidence in its custody or control. The trial court ruled it would permit Gearhart to subpoena any relevant videotapes or audiotapes for trial. Thus, the record reflects that the trial court did not make any ruling adverse to Gearhart. *See* TEX.R.APP. P. 33.1. We find no arguable error in the trial court's pre-trial rulings.

### 3. Voir Dire

■ A review of the voir dire examination shows that sixteen venire members knew the prosecutor, a long-time resident of Kingsville, or his family. They all indicated they would consider the facts of the case and not base their decision on their knowledge of the prosecutor or his family. Neither the State nor Gearhart raised any challenge for cause. Thus, the trial court could not have erroneously ruled. *See Johnson v. State,* 43 S.W.3d 1, 5 (Tex. Crim.App.2001); *see also Allen v. State,* 54 S.W.3d 427, 428 (Tex.App.-Waco 2001, pet. ref'd). Further, the trial court did not limit Gearhart's questioning of the jury. *See Nunfio v. State,* 808 S.W.2d 482, 485 (Tex.Crim.App.1991). We find no arguable error in voir dire.

### 4. Opening Statements

■ As a general rule, to preserve error for appellate review, Gearhart must have made a timely, specific objection, at the earliest opportunity, and obtained an adverse ruling. TEX.R.APP. P. 33.1; *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim. App.1991). Each side presented opening statements. Neither side objected to the other's. Gearhart thus waived any error in the prosecution's opening statement. *See Limas v. State,* 941 S.W.2d 198, 203 (Tex.App.-Corpus Christi 1996, pet. ref'd) (finding waiver for failure to object to prosecutor's closing argument). We find no arguable error in the prosecution's opening statement.

### 5. Sufficiency of the Evidence

#### a. Standards of Review

##### (1) Legal Sufficiency

■ A legal-sufficiency challenge calls for appellate review of the relevant evidence in the light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App.2003); *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). We consider all the evidence that sustains the conviction, whether properly or improperly admitted or whether introduced by the prosecution or the defense, in determining the legal sufficiency of the

evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex.Crim.App.2001). Similarly, in reviewing the legal sufficiency of the evidence, we look to all of the evidence introduced during either stage of the trial. *De Garmo v. State*, 691 S.W.2d 657, 661 (Tex. Crim.App.1985).

In a jury trial, legal sufficiency is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* A hypothetically correct jury charge would not simply quote from the controlling statute. *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex.Crim. App.2001). Its scope is limited by "the statutory elements of the offense ... as modified by the charging instrument." *Fuller v. State*, 73 S.W.3d 250, 254 (Tex. Crim.App.2002) (Keller, J., concurring); *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim.App.2000). When a statute lists more than one method of committing an offense, and the indictment alleges some, but not all, of the statutorily listed methods, the State is limited to the methods alleged. *Fuller*, 73 S.W.3d at 255; *Curry*, 30 S.W.3d at 404. This standard of legal sufficiency ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime. *Malik*, 953 S.W.2d at 240. We then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Johnson*, 23 S.W.3d at 7.

If we reverse a criminal case for legal insufficiency following a jury trial, we reform the judgment to reflect conviction for a lesser offense only if: (1) we find that the evidence is sufficient to support conviction of the lesser offense; and (2) a jury charge on the lesser offense was either submitted or requested but denied. *Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim.App.1999) (plurality op.) (discussing circumstances under which court of appeals may reform judgment following jury trial to reflect conviction for lesser offense); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993) (clarifying same). Otherwise, we vacate the judgment of conviction for legal insufficiency and order a judgment of acquittal. *Swearingen*, 101 S.W.3d at 95.

### (2) Factual Sufficiency

We also measure the factual sufficiency of the evidence against a hypothetically correct jury charge. *Adi v. State*, 94 S.W.3d 124, 131 (Tex.App.-Corpus Christi 2002, pet. ref'd). We are constitutionally empowered to review the judgment of the trial court to determine the factual sufficiency of the evidence used to establish the elements of the charged offense. *Johnson*, 23 S.W.3d at 6. In determining the factual sufficiency of the elements of the offense, we view all the evidence neutrally, not through the prism of "the light most favorable to the prosecution." *Id.* at 6–7 (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996)). We set aside a finding of guilt only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 7. A clearly wrong and unjust finding of guilt is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." *Rojas v. State*, 986 S.W.2d 241, 247 (Tex.Crim.App.1998).

In conducting a factual-sufficiency review, we review the fact finder's weighing of the evidence. *Johnson,* 23 S.W.3d at 7 (citing *Clewis,* 922 S.W.2d at 133). We review the evidence that tends to prove a material disputed fact and compare it with evidence that tends to disprove it. *Johnson,* 23 S.W.3d at 7. We are authorized to disagree with the fact finder's determination. *Id.* However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for that of the fact finder. *Id.* Our evaluation should not intrude substantially on the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Id.*

We always remain aware of the fact finder's role and unique position, a position we are unable to occupy. *Id.* at 9. Exercise of our authority to disagree with the fact finder's determination is appropriate only when the record clearly indicates our intervention is necessary to stop manifest injustice. *Id.* Otherwise, we accord due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Id.*

Every fact need not point directly and independently to the accused's guilt. *Vanderbilt v. State,* 629 S.W.2d 709, 716 (Tex.Crim.App.1981). A finding of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Id.* We reverse a judgment of conviction only if proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Swearingen,* 101 S.W.3d at 97. Which standard applies generally depends on whether the complaining party had the burden of proof at trial. *Zuliani v. State,* 97 S.W.3d 589, 593 (Tex.Crim.App.2003). If the accused did not have the burden of proof at trial, then the first or "manifestly unjust" standard applies. *Id.* If the accused had the burden of proof at trial, then the second or "against the great weight and preponderance" standard applies. *Id.*

In conducting a factual-sufficiency review in an opinion, we "show our work" when we consider and address the appellant's main argument for urging insufficiency of the evidence. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003); *Johnson,* 23 S.W.3d at 9; *Manning v. State,* 112 S.W.3d 740, 747 (Tex.App.-Houston [14th Dist.] 2003, no pet. h.); *see* TEX.R.APP. P. 47.1. This practice benefits the parties, maintains the integrity of the justice system, and improves appellate practice. *Sims,* 99 S.W.3d at 603; *Manning,* 112 S.W.3d at 747. If we reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. *Clewis,* 922 S.W.2d at 133–34. We remand for a new trial a criminal case reversed for factual insufficiency, so a second fact finder has the chance to evaluate the evidence. *Swearingen,* 101 S.W.3d at 97.

### b. Sufficiency Analysis

### (1) Legal Sufficiency

Viewing the evidence in the light most favorable to the prosecution and measuring it against a hypothetically correct jury charge, we find that the arresting officer testified to each of the elements of the offense of assault of a public servant. Gearhart struck the uniformed officer while the officer was in the process of detaining him in response to a public-disturbance complaint. Gearhart's assault bruised the officer and chipped his tooth. The convenience store clerk corroborated the officer's testimony. Gearhart stipulated in open court, in the presence of counsel, to the prior felony conviction, also for assault on a public servant. Viewing

the relevant evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime, including the repeat felony offender allegation. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *see also Johnson,* 23 S.W.3d at 7.

### (2) Factual Sufficiency

■ We view all the evidence neutrally, favoring neither the State nor Gearhart, and measure it against a hypothetically correct jury charge. *Johnson,* 23 S.W.3d at 6–7; *Adi,* 94 S.W.3d at 131. In addition to the arresting officer and convenience store clerk's testimony, Gearhart testified in his own defense. He admitted he had been drinking and had gotten into a disagreement with the clerk about getting free matches from the store. He admitted he had marijuana in his pocket. He denied assaulting the officer, however. Rather, he said the officer who testified and a second officer assaulted him without provocation. Finally, Gearhart admitted he had been convicted before for assaulting a public servant, although he stressed that the public servant he assaulted that time was a corrections officer, not a police officer. Viewing the relevant evidence in a neutral light, favoring neither the prosecution nor Gearhart, and with appropriate deference to the jury's credibility determinations, we conclude that the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 6–7.

Accordingly, we find no arguable legal or factual insufficiency of the evidence.

### 6. The Charge

Gearhart did not object to the charge. Thus, to be reversible, any error would have to constitute egregious harm. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). We find no arguable egregious error in the charge.

### 7. Closing Argument

■ Neither party objected to the other's closing argument. Thus, Gearhart waived any error. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996); *see also Limas,* 941 S.W.2d at 203. We find no arguable error in the prosecutor's jury argument.

### 8. Punishment Phase

■ The record shows that Gearhart stipulated to the prior felony assault of a public servant in the culpability phase of the trial, which evidence supported his enhanced punishment as a repeat felony offender. To preserve any error in the punishment phase, Gearhart must have made a timely, specific objection, at the earliest opportunity, and obtained an adverse ruling. TEX.R.APP. P. 33.1; *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.1991). Gearhart did not object at sentencing on any basis. We find that he waived any challenge to the sentence imposed by the jury. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996). Moreover, the sentence assessed was within the statutorily permissible range and was based on admissible evidence introduced during the trial. *See Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973). We find no arguable error in the sentencing proceedings.

### 9. Ineffective Assistance of Counsel

■ The record contains no evidentiary support for Gearhart's claims of ineffective assistance of counsel. When the alleged ineffectiveness asserted by a defendant occurs outside of the record, the proper vehicle for a complaint is a collateral attack that permits the development of facts concerning the alleged errors of

counsel. *Jackson v. State*, 877 S.W.2d 768, 773 (Tex.Crim.App.1994).

Accordingly, our independent review of the record finds that Gearhart's appeal is frivolous. We conclude that this appeal is without merit. *See Penson*, 488 U.S. at 80, 109 S.Ct. 346; *see also Martin v. State*, No. 13–02–118–CR, 2003 WL 22869044, at *1, 2003 Tex.App. LEXIS 10181, at *3 (Tex.App.-Corpus Christi Dec. 4, 2003, no pet. h.). We affirm the judgment and sentence of the trial court.

### D. Motion to Withdraw

■ An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State*, 466 S.W.2d 289, 291 n. 1 (Tex.Crim. App.1971); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (noting that *Anders* brief should be filed with request for withdrawal from case). Substitute appellate counsel in this case has not requested to withdraw from further representation of Gearhart on appeal. We hereby order counsel to advise Gearhart promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997). We further order counsel to file any motion to withdraw as court-appointed counsel with this Court within ten days of the date of this opinion. *See Martin*, 2003 WL 22869044, at *1, 2003 Tex.App. LEXIS 10181, at *4.