NUMBER 13-03-207-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DAVID RAY TAMEZ,                                                                    Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
 
                            Opinion by Chief Justice Valdez
          Appellant, David Ray Tamez, was sentenced to eighteen months imprisonment
when his community supervision was revoked. The trial court has certified that this case
“is not a plea-bargain case, and the defendant has the right to appeal.” See Tex. R. App.
P. 25.2(a)(2). We conclude the appeal is frivolous and without merit and affirm the
judgment of the trial court. 
I. Facts and Procedural History
          On December 22, 2000, appellant pleaded guilty to committing forgery


 and was
sentenced to two years imprisonment and fined $1,000. However, his sentence was
suspended and appellant was placed on community supervision for five years. The
conditions of community supervision provided in part that appellant would abstain from
using controlled substances, submit to random drug testing, and not violate any state or
federal laws. 
          On October 29, 2002, appellant submitted to a random urinalysis, which tested
positive for cocaine. On January 10, 2003, appellant was arrested after the State filed a
motion to revoke his community supervision because appellant tested positive for cocaine. 
On March 31, 2003, the trial court held a hearing on the State’s motion to revoke
community supervision. At the hearing, the State introduced evidence and testimony which
showed appellant violated the terms of his community supervision. The trial court then
revoked appellant’s community supervision and sentenced him to eighteen months
imprisonment. 
II. Anders Brief
          Appellant’s court-appointed counsel has filed a brief in which he has concluded that
the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). Further,
appellant’s counsel provided appellant with a copy of the Anders brief and filed a motion
for an extension of time to provide appellant the opportunity to raise any points he
chooses. See id.; see Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
Over thirty days have passed and no pro se brief has been filed with this Court. 
          “An Anders brief must provide references to both legal precedent and pages in the
record to demonstrate why there are no arguable grounds to be advanced.” Gearhart v.
State, 122 S.W.3d 459, 464 (Tex. App.–Corpus Christi 2003, pet dism’d). Appellant’s
counsel has provided a brief in which he concludes the appeal is frivolous and without
merit. Counsel’s brief does not advance any arguable grounds of error, but does contain
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced. See id. 
          With relevant citation to legal authority and precedent, counsel professionally
evaluated the State’s motion to revoke community supervision. Appellant’s brief referred
us to the testimony of probation officers Jessie Rodriguez and Andrew Frasier, which
established the chain of custody from the moment the drug test was taken through its initial
positive screening. Further, appellant’s counsel noted that Dr. John Laseter, an
independent contractor, properly established that appellant’s random urinalysis tested
positive for cocaine. Dr. Laseter’s testimony also established that none of the medications
appellant was taking for chronic back pain would test positive for cocaine. Because the
State offered proof by a preponderance of the evidence that appellant violated a term of
his community supervision, appellant’s counsel concluded that the trial court did not abuse
its discretion in revoking appellant’s community supervision. See Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. 1980) (noting that proof of violation of single condition
of probation will support revocation); Sterling v. State, 791 S.W.2d 274, 276 (Tex.
App.–Corpus Christi 1990, pet. ref’d) (same). 
          We conclude counsel’s brief meets the requirements of Anders. Anders, 386 U.S.
at 744-45; see High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). 
III. Independent Review of Record
          Since this is an Anders case, we independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); Gearhart, 122 S.W.3d at 464. Accordingly, we
have carefully reviewed the record and have found nothing that would arguably support an
appeal. See Stafford, 813 S.W.2d at 509 (quoting Anders, 386 U.S. at 744). We agree
with counsel that the appeal is wholly frivolous. 
IV. Conclusion
          We conclude the appeal is without merit. The judgment of the trial court is affirmed. V. Motion to Withdraw
          Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel’s motion to withdraw filed
in connection with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971). We grant counsel’s motion to withdraw and order him to notify appellant of
the disposition of his appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).             
    
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do Not Publish.
TEX. R. APP. P. 47. 2(b). 
Opinion delivered and filed
this 24th day of June, 2004.