NUMBER 13-03-067-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MATTHEW WAYNE TOMLINSON,                                              Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 23rd District Court
of Brazoria County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
 
          Appellant, Matthew Wayne Tomlinson, was convicted of aggravated kidnaping


 and 
sentenced to forty years imprisonment in the Texas Department of Criminal
Justice–Institutional Division. The trial court has certified that this case “is not a plea-bargain case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a). 
I. Facts and Procedural History
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
II. Anders Brief 
          Appellant’s court-appointed counsel filed an Anders brief in which he concludes that
the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel
certifies: (1) he diligently searched the record for error; (2) he was unable to find any error
which would arguably require reversal of the trial court’s judgment; (3) in his opinion, the
appeal is without merit; (4) he served a copy to appellant; (5) and informed appellant of his
right to examine the record for the purposes of filing a pro se brief. See id. Appellant has
filed a “pro se motion for relief” asking this Court to direct counsel to perform a second
review of the record in order to address issues not raised in appellant’s original Anders
brief. 
          An Anders brief must provide references to authority and the record to demonstrate
why there are no arguable grounds to advance. High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op] 1978); Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, pet. dism’d). Counsel’s brief reviews the indictment, guilt-innocense phase,
and the punishment phase and concludes the evidence is legally sufficient to support
appellant’s conviction for aggravated kidnaping. Counsel also advances the following eight
points of possible error: (1) admission of a photo of appellant’s car used in the kidnaping;
(2) denial of appellant’s right to voir dire the complainant prior to her in-court identification
of appellant; (3) complainant’s improper hearsay testimony of instructions given by medical
personnel; (4) police officer’s hearsay testimony regarding the gun used in the crime; (5)
hearsay description of appellant’s vehicle; (6) rule of evidence 403 objection during the
punishment phase to unadjudicated extraneous offense of rape by appellant; (7) State’s
failure to properly preserve rape kit of extraneous offense; and (8) the State improperly
argued outside of the record. However, with relevant citation to the record and legal
precedent, counsel concludes these possible errors do not require reversal. See Gearhart,
122 S.W.3d at 464. We conclude counsel’s brief meets the requirements of Anders. 
Anders, 386 U.S. at 744-45; see High, 573 S.W.2d at 812. 
          Further, appellant filed a pro se motion requesting this Court direct counsel to
perform a second review of the record to include additional arguments not raised in the
Anders brief. However, Anders does not require appointed counsel to make arguments
counsel would not consider worthy of inclusion in a brief for a paying client if in fact counsel
finds no merit in the appeal. Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974);
Gearhart, 122 S.W.3d at 464. Accordingly, we deny appellant’s pro se motion. 
III. Independent Review of Record
          “Upon receiving a ‘frivolous appeal’ brief, the appellate courts must conduct a ‘full
examination of all the proceedings to decide whether the case is wholly frivolous.’” Garza
v. State, 126 S.W.3d 312, 313 (Tex. App.–Corpus Christi 2004, no pet.) (quoting Penson
v. Ohio, 488 U.S. 75, 80 (1988)). Accordingly, we have carefully reviewed the record and
have found nothing that would arguably support an appeal. See id. 
IV. Conclusion
          We conclude the appeal is without merit. The judgment of the trial court is affirmed.
V. Motion to Withdraw
          Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel’s motion to withdraw filed
in connection with an Anders brief. Moore v. State, 605 S.W.2d 289, 291 n.1(Tex. Crim.
App. 1971). We grant counsel’s motion to withdraw and order him to notify appellant of
the disposition of his appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).      
    

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b). 

Memorandum Opinion delivered and filed
this 22nd day of July, 2004.