NUMBER 13-03-150-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





ALFONSO RODRIGUEZ, JR.,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 206th District Court
of Hidalgo County, Texas.




MEMORANDUM OPINION
Before Justices Hinojosa, Yañez, and Castillo


Memorandum Opinion by Justice Castillo

         Appellant Alfonso Rodriguez, Jr. appeals from a post-conviction denial of his
motion for DNA testing pursuant to article 64.01 of the code of criminal procedure.


 
We affirm. 
I. BACKGROUND
         A jury found Rodriguez guilty of aggravated sexual assault. He appealed, and
this Court affirmed the judgment of the trial court in cause number 13-89-256-CR,
styled Alfonso Rodriguez v. State (Corpus Christi June 22, 1990) (not designated for
publication). The victim testified she was sexually assaulted by five men she knew,
including Rodriguez. All five were tried and convicted.


 None of them pleaded guilty. 
The State charged Rodriguez both as a primary actor and on the law of parties. 
         On June 10, 2002, Rodriguez filed a pro se motion for DNA testing, requesting
the convicting court to order DNA testing of "certain items that were confiscated at
the alleged crime scene." The items he named were: panty hose, dress, rape kit
obtained by "Doctor at the Weslaco Knapp Memorial Hospital and any other item
relevant and/or that was presented to the jury during trial or any other item that can
be Tested." He added that such testing was in the interest of justice. See Tex. Code
Crim. Proc. Ann. art. 64.01. He attached an affidavit, which states:
AFFIDAVIT IN SUPPORT OF SB-3 TESTING
 
I, Alfonso Rodriguez Jr., am over the age of 18 years of age and
competent to attest. All sworn by me to be true and correct in voicing
my actual innocence. I have and continue to maintain my innocence
against the BOGUS Aggravated Sexual Assault charge brought against
me and this conviction that I challenge. I Now challenge Hidalgo County
for its Racistly Prejudicial motive and its discriminative attack upon my
innocent sovereignty in this Bogus Aggravated Sexual Assault.
 
The evidence will eventually support my innocence and the fact
that I had NO contact whatsoever with the victim [I.A.]. D.N.A. Testing
in the items requested to be tested will clearly and convincingly prove my
profound irrefutable innocence. The state is BOUND by Law Under
Articles 64.03-05 and 17.47, to turn evidence in its custody that is
document cut in store for analysis. Without a shadow of a doubt this
evidence will reveal promiscuity prosecution and sperm for other parties. 
Please Note that this same Motion was filed on April 15, 2002, by certify
mail number 7099-3400=0018-5792-2569. Copies are enclosed with
motion. I await testing openly, honestly and sincerely with CERTAINLY
of my conviction being set aside and resolve.

                                                               RESPECTFULLY SUBMITTED, 
 
                                                               /s/ Alfonso Rodriguez, Jr.
                                                               Pro Se

         On June 27, 2002, the convicting court appointed counsel to represent
Rodriguez.


 At a hearing on December 20, 2002, Rodriguez's counsel asked the
convicting court to take judicial notice of the entire appellate record and moved for its
admission into evidence. The convicting court granted the request. The State called
as a witness the assistant criminal appeals clerk with the district clerk's office, whose
duty was to keep criminal case files in storage. She testified that the evidence
Rodriguez sought to be tested was in the custody of the district clerk's office for use
during the trials of each of the defendants charged with the offense. She said the
evidence had not been tampered with. The evidence included a white jacket, a white
nightgown, a white dress, a piece of pantyhose, a white slip, white underwear, and
a rape kit. On Rodriguez's motion, the convicting court admitted into evidence all
items in the custody of the district clerk's office related to the underlying cases. On
the State's motion, the convicting court admitted a "Statement of Facts" that
summarized the events up to and including Rodriguez's conviction. The convicting
court also admitted into evidence the court's charge to the jury in Rodriguez's case. 
Rodriguez's counsel conceded that no testing could be done on the rape kit. 
         After reviewing the evidence, the statutory standards, and Kutzner v. State,
75 S.W.3d 427 (Tex. Crim. App. 2002), the convicting court ruled that Rodriguez
failed to meet his burden under article 64.03(a)(2)(A). It denied Rodriguez's motion
for DNA testing. On January 10, 2003, the convicting court entered findings of fact
and conclusions of law. The court found, in part, that identity was not an issue as
required under article 64.03(a)(2). See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2). 
This appeal ensued. 
 

II. APPLICABLE APPELLATE RULES

         Rodriguez filed a timely notice of appeal on February 5, 2003. The rules of
appellate procedure governing how appeals proceed in criminal cases were amended
effective January 1, 2003. This Court applies the current rules of appellate procedure
to this appeal. See Gearhart v. State, 122 S.W.3d 459, 463 (Tex. App.–Corpus
Christi 2003, pet. dism'd). Accordingly, we abated the appeal and ordered a
supplemental record to include, in compliance with rule 25.2(a)(2), the convicting
court's certification of Rodriguez's right of appeal. See Tex. R. App. P. 25.2(a)(2). We
received a supplemental record that includes the convicting court's certification of
Rodriguez's right of appeal. We now turn to the merits. 
III. ISSUES ON APPEAL
         Rodriguez complains the convicting court erred in denying his motion for post-conviction DNA testing because he met his burden under article 64.03. The State
responds that Rodriguez did not carry his burden of proving that the results of the
testing could constitute affirmative evidence of his innocence, arguing that the record
shows that identity was not an issue in Rodriguez's trial. 
 IV. THE RECORD
         The record establishes that Rodriguez pleaded not guilty to the charge of
aggravated sexual assault. A jury convicted him on a jury charge that included a law-
of-parties instruction.


 The testimony at trial showed that the victim identified
Rodriguez as one of five men who sexually assaulted her. She testified Rodriguez
pushed her into a car, where her boyfriend raped her. As that assault continued, she
recognized Rodriguez's voice as he drove the car from the scene. The jury heard that
none of the men left forensic evidence in her body. 
V. DISPOSITION
A. The Statutory Provisions
         Article 64.03 provides:
 
(a)A convicting court may order forensic DNA testing under
this chapter only if:
 
(1)the court finds that:
 
(A)the evidence:
 
(i)still exists and is in a condition making DNA testing possible;
and
(ii)has been subjected to a chain of custody sufficient to
establish that it has not been substituted, tampered with, replaced, or
altered in any material respect; and
 
(B)identity was or is an issue in the case; and 
 
(2)the convicted person establishes by a preponderance of the
evidence that:
 
(A)a reasonable probability exists that the person would not
have been prosecuted or convicted if exculpatory results had been
obtained through DNA testing; and 
 
(B)the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or the administration of
justice.

Tex. Code Crim. Proc. Ann. art. 64.03(a). 
         Chapter 64 authorizes the convicting court to order only DNA testing and
nothing more. Wolfe v. State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003). A
convicting court is prohibited from granting a convicted person's request for
DNA testing unless the requirements in article 64.03 are met. Dinkins v. State,
84 S.W.3d 639, 643 (Tex. Crim. App. 2002). Article 64.03 does not require a
hearing for a convicting court to determine if the applicant is entitled to DNA testing. 
Rivera v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002). By contrast, a
convicting court must hold a hearing under article 64.04 after a convicted person has
obtained DNA testing under article 64.03. Id. at 59. 
B. Burden of Proof and Standard of Review
         Article 64.03(a)(2)(A) requires a petitioner to demonstrate, by a preponderance
of the evidence, that a reasonable probability exists that he or she would not have
been prosecuted or convicted if exculpatory results were obtained through DNA
testing. Skinner v. State, 122 S.W.3d 808, 813 (Tex. Crim. App. 2003). The Texas
Court of Criminal Appeals has interpreted 64.03(a)(2)(A) to require a reasonable
probability that exculpatory DNA tests would prove the petitioner's innocence. Id. 
          In an appeal of a post-conviction DNA proceeding under chapter 64, we apply 
a bifurcated standard of review. Rivera, 89 S.W.3d at 59. We afford almost total
deference to the convicting court's determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor. Id. We review
de novo other application-of-law-to-fact issues. Id. "The ultimate question of whether
a reasonable probability exists that exculpatory DNA tests would prove innocence is
an application-of-law-to-fact question that does not turn on credibility and demeanor
and is therefore reviewed de novo." Skinner, 122 S.W.3d at 813 (quoting Rivera,
89 S.W.3d at 59). 
C. Analysis
         In its order, the convicting court determined that identity was not an issue as
required under article 64.03(a)(2). We agree. The evidence at the underlying trial
established that the victim knew Rodriguez and identified him as one of five men
involved in the multiple rapes. Rodriguez asserts that a negative DNA test result –
showing that his DNA in fact is not present on the evidence – will not only show his
innocence but also will show a probability that the sexual assault never occurred. 
Rodriguez states that the evidence to be tested will yield no DNA results connecting
him to the rapes. The State responds that the absence of DNA evidence does not
exculpate Rodriguez, either as a principal or as a party. Moreover, the State argues,
the presence of another's DNA could not provide affirmative evidence of Rodriguez's
innocence. 
           Rodriguez's concession that the evidence to be tested will yield no DNA
results connecting him to the rape defeats his challenge on appeal to the
convicting court's denial of his motion for post-conviction DNA testing. See Lopez v.
State, 114 S.W.3d 711, 716-17 (Tex. App.–Corpus Christi 2003, no pet.). Even if
negative test results were to supply any exculpatory inference, such an inference in
this case would not conclusively outweigh the other evidence of appellant's guilt. See
Thompson v. State, 95 S.W.3d 469, 472 (Tex. App.–Houston [1st Dist.] 2002, pet.
ref'd); see also Rivera, 89 S.W.3d at 60 (holding that absence of DNA under murder
victim's fingernails and negative result from rape kit would not indicate petitioner's
innocence of capital murder). Moreover, the absence of Rodriguez's DNA would not
indicate innocence because it could simply mean no forensic evidence was left in the
victim, consistent with her testimony. See Rivera, 89 S.W.3d at 60 n.20. Further,
DNA tying any one of the other four assailants to the sexual assaults would be
consistent with Rodriguez's guilt under the law of parties, on which theory the jury
was instructed at Rodriguez's trial. Thus, we hold that the convicting court properly
denied Rodriguez's motion for post-conviction DNA testing. See Dinkins, 84 S.W.3d
at 643. We overrule Rodriguez's sole issue.
 VI. CONCLUSION
         We affirm the convicting court's order denying Rodriguez's motion for
post-conviction DNA testing.
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 12th day of August, 2004.