NUMBER 13-05-00133-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ROLANDO VEGA, JR.,                                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


  On appeal from the 36th District Court of San Patricio
County, Texas.

                                                                                                                        

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

This is a revocation of community supervision
case.  In a single issue, appellant, Rolando
Vega, Jr., contends the trial
court lacked jurisdiction to find him guilty of a state jail felony offense,
and subsequently revoke his community supervision, because the indictment
charged him only with a misdemeanor offense. 
We affirm.








                                                             A.  Background

Appellant fled from police officers who were
responding to a call of terroristic threats and a firearm being displayed.  The police report indicates appellant was
arrested and charged with the offense of Aevading arrest/detention using vehicle.@  He
was later indicted for Aevading arrest or detention.@

The trial court (1) admonished appellant
that he was charged by indictment with the state jail felony offense of evading
arrest or detention, and (2) informed him of the range of punishment for the
offense.  Pursuant to a plea agreement,
appellant pleaded nolo contendere to the charge.  The
trial court found him guilty and, in accordance with the plea agreement, (1) assessed his punishment at two years= confinement in a state jail facility and a
$1,500 fine, (2) suspended the jail sentence, and (3) placed him on community
supervision for a term of three years.

On December 17, 2004, the State moved to
revoke appellant=s community supervision, and the trial court
heard the motion on January 21, 2005. 
Appellant pleaded Anot true@ to both of the State=s allegations.  After considering the motion, the trial court
found one of the allegations to be true, revoked appellant=s community supervision, and imposed the
original sentence of two years= confinement in a state jail facility.  This appeal ensued.

                                                               B.  Discussion








Section 38.04 of the Texas Penal Code
provides that a person commits the offense of evading arrest or detention if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.  Tex. Pen. Code Ann. ' 38.04(a) (Vernon 2003).  An offense under section 38.04 is a Class B
misdemeanor, Aexcept that the offense is a state jail
felony if the actor uses a vehicle while the actor is in flight.@  Tex. Pen. Code Ann. ' 38.04(b)(1).

The indictment alleged that ARolando Vega, Jr. on or about the 10th day
of November A.D., 2002 . . . did then and there intentionally flee from Joel
Bear, a person [appellant] knew was a peace officer who was attempting lawfully
to arrest or detain [appellant].@ 
Appellant asserts that because the indictment does not allege that he
used a vehicle in the commission of the offense, he was charged only with a
misdemeanor offense.  Further, because
the county court has original jurisdiction over Class B misdemeanors, the
district court lacked jurisdiction to find him guilty of the offense.

AIf the defendant does not object to a
defect, error, or irregularity of form or substance in an indictment or
information before the date on which the trial on the merits commences, he
waives and forfeits the right to object to the defect, error, or irregularity
and he may not raise the objection on appeal.@  Tex. Code Crim. Proc. Ann. art.
1.14(b)  (Vernon 2005); see Studer v.
State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); see also Gearheart v.
State, 122 S.W.3d 459, 465 (Tex. App.BCorpus Christi 2003, pet. ref=d).

Appellant failed to raise any objection to
the indictment prior to entering his plea of nolo contendere, or when he was
admonished by the trial court that he had been charged with a state jail felony
offense.  Because he failed to object, we
conclude appellant waived any right to complain on appeal about a defect, if
any, in the indictment.  Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

Memorandum
Opinion delivered and filed this

the
27th day of July, 2006.