NUMBERS 13-06-223-CR AND 13-06-224-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID BOBBY CALDERON, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 26th District Court 

of Williamson County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez



 A jury found appellant, David Bobby Calderon, Jr., guilty of possession of a
controlled substance with intent to deliver, possession of more than five but less than 50
pounds of marihuana, and felony possession of a firearm, but found appellant did not use
or exhibit a deadly weapon. (1) After appellant pleaded "true" to the penalty enhancement
allegation, the jury sentenced him to ten years for being a felon in possession of a firearm,
life for possession of a controlled substance with intent to deliver, and 20 years for
possession of marihuana. The trial court imposed the sentences handed down by the jury
and, upon motion by the State, ordered that these sentences--which run concurrently with
each other--should run consecutively to the sentence in appellant's prior burglary
conviction. Appellant's counsel filed an Anders brief in which he presented arguable
grounds of error. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a brief in which he has concluded that
there are no issues in these appeals which might reasonably be argued to this Court. He
has concluded that these appeals are frivolous and without merit. Anders v. California, 386
U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45;
see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support the appeals. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel has informed the Court that he notified appellant
of the following: (1) it is counsel's professional evaluation that there are no issues which
will support a reversal of appellant's convictions or sentences; and (2) appellant has the
right to review the appellate record and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc);
High, 573 S.W.2d at 813. Counsel has forwarded appellant a copy of the consolidated
appellate brief that sets forth all issues which might arguably support the appeals. He has
also provided mailing information needed for filing a pro se brief and for obtaining a
copy of the records. More than thirty days have passed, and appellant has not filed
any pro se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

II. Discussion

 In compliance with Anders, counsel raises and reviews the following issues as
possible grounds for our review: (1) although the State's chief witness might have been
an accomplice, no request was made to have her so-designated, no egregious harm can
be shown, and, therefore, nothing is presented for review; (2) the evidence supports the
verdicts of guilt and so nothing is presented for review; and (3) the sentences fell within the
statutory range of punishment for the offenses of conviction and nothing is presented for
review. As counsel concludes, the appeals are frivolous because there is nothing in the
records which might arguably support a reversal of either the verdicts of guilt or the
sentences imposed.

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra
v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we
have carefully reviewed the records and have considered the issues raised in the brief,
and we have found nothing that would arguably support the appeals. See Stafford, 813
S.W.2d at 509. We agree with counsel that there is no basis for presenting any legally
nonfrivolous issue and conclude the appeals are wholly frivolous and without merit. See
Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgments of the trial court are affirmed.

IV. Withdrawal of Counsel

 This Court may grant a motion to withdraw from counsel in connection with an
Anders brief. Gearhart v. State, 122 S.W.3d 459, 469 (Tex. App.-Corpus Christi 2003,
pet. ref'd) (citing Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request for
withdrawal from case)). Counsel has not requested to withdraw from further representation
of appellant on appeal. We hereby order counsel to advise appellant of the disposition of
this case and the availability of discretionary review. See Ex Parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (en banc) (per curiam). We further order counsel to file any
motion to withdraw as court-appointed counsel with this Court within ten days of the date
of this opinion.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 18th day of October, 2007.
1. The two indictments were joined upon motion of the State, and a single trial was had upon all three
charges. The briefing of the appeals in the two matters has been consolidated. We also consider both
appeals in this consolidated opinion.