COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-265-CR
  
  
NORMAN EUGENE LAMKIN                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 362ND DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Norman Eugene Lamkin entered an open plea of guilty to a felony charge of 
forgery and pleaded true to two enhancement paragraphs in the indictment. The 
jury sentenced appellant to eighteen years’ confinement and a $10,000 fine; 
appellant now appeals. We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
arguably might support the appeal.  See Mays v. State, 904 S.W.2d 
920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellate counsel’s 
brief discusses a potential ineffective assistance ground for appeal based upon 
trial counsel’s failure to move to suppress evidence seized from the taxicab 
that appellant hired to take him to the crime scene, but it ultimately concludes 
that this complaint is meritless.  Appellant has also filed a pro se brief, 
challenging in five points the State’s use of prior convictions and extraneous 
offenses and failure to disclose evidence allegedly favorable to him and trial 
counsel’s failure to request notice from the State of its intent to offer 
evidence of other crimes, extraneous offenses, wrongs, or acts.
        In 
his first point, Appellant contends that the State violated his due process 
rights by failing to disclose evidence favorable to him: a poor-quality copy of 
Appellant’s inmate fingerprint card supporting a prior felony conviction for 
robbery. See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). 
Appellant argues that without proper fingerprints, this prior conviction—which 
served as the basis for one of the two enhancement allegations in the forgery 
indictment—could not be linked to him and that the State therefore did not 
have sufficient evidence to prove this prior conviction beyond a reasonable 
doubt.  See Ex parte Augusta, 639 S.W.2d 481, 484-85 (Tex. Crim. 
App. 1982) (requiring the State to prove the existence of prior crimes used for 
enhancement purposes beyond a reasonable doubt).  Appellant argues that the 
failure to disclose the poor-quality fingerprint card to the defense before 
Appellant pleaded true to the enhancement paragraph prejudiced his defense and 
violated his due process rights.
        Evidence 
is exculpatory if it negates a defendant’s guilt or mitigates the 
offense.  Franks v. State, 90 S.W.3d 771, 797 (Tex. App.—Fort 
Worth 2002, no pet.).  Because the State relied on other evidence in the 
record to establish Appellant’s prior robbery conviction, the poor-quality 
fingerprint card is not exculpatory evidence.  While an inmate fingerprint 
card may serve as evidence of a defendant’s prior conviction, it must be 
supported by expert testimony identifying the fingerprints as identical with 
known prints of the defendant.  Beck v. State, 719 S.W.2d 205, 209 
(Tex. Crim. App. 1986).  The State provided no expert testimony linking the 
fingerprints in the prison record with Appellant, so the State could not have 
relied upon the inmate fingerprint card to serve as evidence of the prior 
robbery conviction.  See id.  However, fingerprint evidence is 
not the exclusive manner of proving prior convictions; a defendant’s prior 
conviction may also be proven through photographs and a detailed physical 
description of a named person contained in prison records when the defendant is 
present in court for the fact finder to compare his appearance with that person 
described in the prison records.  Gollin v. State, 554 S.W.2d 683, 
687 (Tex. Crim. App. 1977).
        In 
this case, State’s Exhibit 1, a pen packet containing records of the 1981 
robbery conviction alleged in the indictment’s first enhancement paragraph, 
containes the poor-quality inmate fingerprint card of which Appellant 
complains.  State’s Exhibit 1 also contains a pair of photographs 
depicting Appellant's front and side view taken in 1981 and a description of the 
inmate, Norman Eugene Lamkin, a white male born July 23, 1963 in Honolulu, 
Hawaii, five feet four inches tall, with brown eyes and a ruddy 
complexion.  State’s Exhibit 7, a pen packet containing records of the 
1999 drug conviction alleged in the indictment’s second enhancement paragraph, 
also contains front and side view photographs as well as a physical description 
of the inmate, Norman Eugene Lamkin, a white male born July 23, 1963 in Hawaii, 
five feet five inches tall, with brown eyes and ruddy skin tone.  With this 
evidence, the jury had the capability to compare the photographs contained in 
State’s Exhibits 1 and 7 with Appellant, who was present in the courtroom, and 
come to the conclusion that the photographs depicted Appellant. See id.; see 
also Yeager v. State, 737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no 
pet.) (holding pen packet containing a detailed physical description and 
photographs sufficient to support jury’s finding of defendant’s prior 
conviction because jury could compare the defendant present in court to the 
contents of the pen packet).  Because there was sufficient evidence before 
the jury to show that Appellant was the person convicted of the prior robbery 
offense alleged in the first enhancement paragraph, the poor-quality inmate 
fingerprint card could not have negated Appellant’s guilt as to this prior 
conviction and therefore was not exculpatory evidence that the State was 
required to disclose. We overrule Appellant’s first point.
        In 
his second, third, and fourth points, Appellant complains of the State’s use 
of his prior criminal record as well as allegations of extraneous acts and 
convictions that Appellant claims the State falsely attributed to him at 
trial.  To preserve a complaint for our review, a party must have presented 
to the trial court a timely request, objection, or motion that states the 
specific grounds for the desired ruling if they are not apparent from the 
context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1)(A); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).  Appellant acknowledges that his counsel 
did not object to this evidence at trial; indeed, the State’s exhibits 
containing records of Appellant’s prior convictions were admitted without 
objection, and Appellant even stipulated that he was the same person named in 
those documents.[2]  Nevertheless, Appellant 
asserts that this evidence deprived him of a fair trial, thus constituting 
fundamental error that we may review even though the errors were not 
preserved.  See Tex. R. Evid. 
103(d).
        If 
evidence is erroneously admitted at trial, the error is fundamental only when it 
has caused the defendant’s trial to be fundamentally unfair.  Smith v. 
State, 961 S.W.2d 501, 505-06 (Tex. App.—San Antonio 1997, no pet.).  
Even assuming that the trial court erroneously allowed the State to use this 
evidence, the improper admission of extraneous offenses does not constitute 
fundamental error.  See id.; see also Howard v. State, 453 
S.W.2d 150, 151 (Tex. Crim. App. 1970) (holding that admission of evidence of 
convictions other than those alleged for enhancement is not fundamental error).
        Appellant 
also may not claim fundamental error to excuse his failure to preserve alleged 
error in the State’s arguments to the jury.  Appellant complains that the 
prosecutor claimed in his opening argument that the evidence would show 
Appellant committed “two robberies back in ‘99” and that the prosecutor 
stated in his closing argument that Appellant was a “lifelong criminal” with 
“over 20 years of committing offenses.”  Evidence presented by the 
State revealed that Appellant committed the robberies in 1981, not 1999, and the 
State’s evidence does not show that Appellant committed any crimes between 
1981 and 1999.  Even assuming that the prosecutor’s statements 
constituted improper jury argument, it did not amount to fundamental error; 
because Appellant did not object at trial, it cannot be reviewed on 
appeal.  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 
1996) (“[A] defendant's failure to object to a jury argument or a defendant's 
failure to pursue to an adverse ruling his objection to a jury argument forfeits 
his right to complain about the argument on appeal.”), cert. denied, 
520 U.S. 1173 (1997).
        Finally, 
in his fifth point, Appellant asserts that his trial counsel’s failure to 
request that the State provide notice of its intent to offer evidence of other 
crimes, extraneous offenses, wrongs, or bad acts amounted to ineffective 
assistance.  Appellate counsel also raises ineffective assistance as a 
possible ground for appeal based upon trial counsel’s failure to move to 
suppress evidence seized from the taxicab that Appellant hired to take him to 
the crime scene.  We apply a two-pronged test to ineffective assistance of 
counsel claims.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. 
Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. 
App. 1999).  First, Appellant must show that his counsel’s performance 
was deficient; second, Appellant must show the deficient performance prejudiced 
his defense.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813. “[C]ounsel is strongly presumed 
to have rendered adequate assistance and made all significant decisions in the 
exercise of reasonable professional judgment.”  Strickland, 466 
U.S. at 690, 104 S. Ct. at 2066.  The second prong requires a showing that 
counsel’s errors were so serious that they deprived the defendant of a fair 
trial, that is, a trial whose result is reliable.  Id. at 687, 104 
S. Ct. at 2064.  In other words, Appellant must show there is a reasonable 
probability that, but for counsel’s unprofessional errors, the result of the 
proceeding would have been different.  Id. at 694, 104 S. Ct. at 
2068.  An allegation of ineffective assistance must be firmly founded in 
the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness. Thompson, 9 S.W.3d at 814.
        Here, 
on the first day of trial, Appellant’s trial counsel filed a motion for notice 
of extraneous offenses but did not secure a ruling on the motion.  We may 
not speculate on counsel’s reasons for not pursuing this motion, see 
Patterson v. State, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no 
pet.), and nothing in the record rebuts the presumption that counsel’s actions 
were based on a reasonable trial strategy.  See Strickland, 466 U.S. 
at 690, 104 S. Ct. at 2066.  Furthermore, to show that counsel’s failure 
to file a motion to suppress was deficient under Strickland, Appellant 
was obliged to prove that a motion to suppress would have been granted.  See 
Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding 
that without a showing that a pretrial motion had merit and that a ruling on the 
motion would have changed the outcome of the case, counsel is not ineffective 
for failing to assert the motion).  To prevail on a motion to suppress, 
Appellant would have had to produce evidence that defeated the presumption of 
proper police conduct.  See Jackson v. State, 973 S.W.2d 954, 957 
(Tex. Crim. App. 1998).  Appellant does not point us to any such evidence 
in the record.  Because the record does not affirmatively demonstrate that 
counsel’s actions of not obtaining a ruling on the pretrial motion and not 
filing a motion to suppress were due to counsel's ineffectiveness, we overrule 
Appellant’s fifth point.  See Thompson, 9 S.W.3d at 813.
        When 
appellate counsel avers that any appeal would be frivolous and files a motion to 
withdraw, we must conduct an independent evaluation of the record to determine 
whether counsel is correct in determining that the appeal is frivolous.  See 
Mays, 904 S.W.2d at 923.  Appellant entered an open plea of guilty, so 
he waived the right to appeal any nonjurisdictional defects, other than the 
voluntariness of his plea, that occurred before entry of the plea so long as the 
judgment of guilt was rendered independent of, and is not supported by, the 
alleged error.  See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). 
Therefore, our independent review of the record is limited to potential 
jurisdictional defects, the voluntariness of Appellant’s plea, potential error 
occurring before Appellant’s plea that supports the judgment of guilt, and 
potential error occurring after the guilty plea.  See Young, 8 
S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004).  The indictment conferred jurisdiction on the trial 
court and provided Appellant with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  Additionally, 
the written plea admonishments, the colloquy between the trial court and 
Appellant at the plea hearing, and Appellant’s written waiver indicate that 
Appellant’s guilty plea was made freely and voluntarily.
        Pursuant 
to Appellant’s pretrial election, a jury heard evidence on punishment and 
sentenced Appellant to eighteen years’ confinement and a $10,000 fine.  
This sentence is within the punishment range provided for by law.  See 
Tex. Penal Code Ann. § 12.33 
(Vernon 2003), § 12.42(a)(2) (Vernon Supp. 2004-05).
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is 
frivolous.  Accordingly, having overruled all Appellant’s points on 
appeal, we grant counsel’s motion to withdraw and affirm the trial court’s 
judgment.
  
  
                                                                  PER 
CURIAM
   
  
PANEL F:   MCCOY, 
J.; CAYCE, C.J.; and WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 26, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Appellant does maintain that counsel objected to questions the State posed to 
defense witnesses regarding prior offenses that Appellant claims were falsely 
attributed to him.  But counsel objected to these questions on the ground 
that they had already been “asked and answered,” not that the evidence of 
extraneous offenses was inadmissible.  This objection preserves only the 
specific ground cited, “asked and answered,” not the extraneous-offense 
ground that Appellant now asserts on appeal.  See Tex. R. App. P. 33.1(a)(1)(A); Mosley, 
983 S.W.2d at 265.