**Lloyd Howard SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-97-00108-CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 8, 1997.

Rehearing Overruled Dec. 30, 1997.

Edelia Gonzalez-Lemon, Law Offices of Lemon & Gonzalez-Lemon, Alice, for appellant.

Joe Frank Garza, Dist. Atty., Alice, for appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Lloyd Howard Smith, was convicted by a jury and sentenced to twenty years confinement after pleading not guilty to aggravated sexual assault of a child. Smith appeals his conviction. In three points of error, Smith claims that (1) the trial evidence was factually insufficient to support the jury verdict; (2) the failure of defense counsel at trial to request that the judge instruct the jury to disregard a witness's speculative statement amounted to ineffective assistance of counsel; and (3) the trial attorney's failure to object to the introduction of inadmissible testimony of Smith's past criminal record amounted to ineffective assistance of counsel. In the event that this court rejects the ineffective assistance of counsel claims, Smith argues in the alternative that while timely objection was not made to the testimony, the evidence so prejudiced Smith that the trial court committed fundamental error in allowing it to stand uncured.

## FACTS

On April 8, 1996, the victim's grandmother and aunt found the victim, then five, and her cousin, also five, engaged in sexual "acting out" in a bedroom in the grandmother's home. In the highly charged aftermath of the discovery, the grandmother, Beverly Curry, asked the child where she had seen such behavior, first asking the child if her grandfather had shown her such behavior and then asking if the child's stepfather, Smith, had shown her. When the child answered that it had been Smith, Beverly called the police.

That evening, Norma Benavides, a specialist with Child Protective Services (CPS), interviewed the child at Beverly's home. The child told Benavides that Smith had touched her "down there," and she physically demonstrated that Smith had assumed a sexual position with her. No mention of penetration was made at that time, but a physical examination the following day revealed that the child's hymen, the protective membrane that partially covers the vagina of a young woman, had been "narrowed" on one side. A medical expert testified at trial that such narrowing is consistent with sexual abuse. The doctor testified that of the approximately fifty cases he had seen where this narrowing existed, only one was not proven to be the result of sexual abuse. The doctor also testified that the narrowing was consistent with the introduction of a small object, such as a finger, into the child's vagina.

On the basis of its investigation, CPS removed the child from the home she shared with her mother and stepfather, placing her with her grandmother. CPS then turned the results of its investigation over to the District Attorney, and Smith was indicted for aggravated sexual assault of a child.

## SUFFICIENCY OF EVIDENCE

■ In his first point of error, Smith claims that the evidence presented at trial was factually insufficient to support the verdict against him. To determine whether evidence was factually insufficient, we review all the evidence to determine if the decision of the trier of fact is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996). While we must review the evidence on both sides, we are required to show appropriate deference to the triers of fact by not substituting our judgment for theirs. *De Los Santos v. State,* 918 S.W.2d 565, 569 (Tex.App.— San Antonio 1996, no pet.).

To prove its case, the State was required to show that Smith intentionally or knowingly penetrated the anus or vagina of the victim by any means. TEX. PENAL CODE § 22.021(a)(1)(B)(i) (Vernon 1995). The evidence that the State offered at trial was factually sufficient to support a finding that Smith had committed this crime. The child's own testimony, which never changed, was that Smith was her assaulter. She told Benavides on the evening of the discovery of the abuse that Smith had "touched her;" she told her counselor that Smith had penetrated her vagina with his finger; and she testified at trial that he had penetrated her and that it had hurt "a lot." She maintained this story through uncomfortable physical examinations and questioning by strangers, and even over her biological mother's disbelief (the victim has since been adopted by a biological aunt).

In addition to this direct testimony, there is medical evidence that the child's hymen had suffered an injury. This injury, according to the uncontroverted testimony of the State's medical expert, was highly suggestive of the type of abuse reported by the child. Further, some of Smith's statements during his interview with CPS representatives were damaging. For example, while Smith denied actually assaulting the child, he suggested that the damage to the hymen could have been done while he was drying her off after a bath, when his finger might have accidentally entered her vagina. The State's medical expert suggested that the type of injury suffered by the child was not consistent with an accident:

Q: So, the likelihood is small ... that this would be by some other method other than *intentional* penetration of the vagina of this-aged child (emphasis added).

A: Yes; that would certainly be by far the most likely explanation for this history.

The jury was entitled to weigh the State's evidence against Smith's proffered explanation to CPS of the damage to the child's hymen and to conclude that Smith was lying.

Smith, however, claims that the evidence produced at trial was factually insufficient because it was based on the testimony of a child and because there was testimony at trial suggesting that the child's maternal grandfather may, in fact, have been the perpetrator. Neither contention is of merit.

■ The Texas Rules of Criminal Evidence state that children are not competent witnesses if, after an examination by the court, they do not appear to possess sufficient intellect to relate the matters on which they are being questioned. TEX.R.CRIM. EVID. 601(a)(2). In this case, the trial judge and the State's attorney questioned the child, who was six at the time she testified, about her ability to tell right from wrong, and her ability to identify untruths. The judge determined that she was competent to testify. It was for the jury, as finder of fact, to determine what weight to give that testimony. *Norman v. State*, 862 S.W.2d 621, 628 (Tex.App.—Tyler 1993, pet. ref'd).

■ Smith's second contention, that the verdict was based on insufficient evidence because there was testimony that the child's grandfather may have committed the assault, is equally flawed. It is true that some testimony suggested that the grandfather might have been at least a plausible suspect. The victim's biological mother testified at trial that she and her sisters had been sexually abused by their father as young girls. However, neither the jury nor the reviewing court is required to exclude all reasonable alternate hypotheses in resolving a case. *Geesa v. State*, 820 S.W.2d 154, 156–59 (Tex.Crim. App.1991). In *Geesa*, the Texas Court of Criminal Appeals held that, in cases resting on circumstantial evidence alone, reviewing courts are no longer required to find that every reasonable hypothesis that exculpated the appellant and was raised by the evidence was negated. *Id.* at 159. If the exclusion of other hypotheses is not required where there is no direct evidence of the defendant's guilt, we cannot hold that it is required here, where direct evidence, the testimony of the victim, *does* exist. In reviewing fact findings, we are to determine if the jury's finding was contrary to the overwhelming weight of the evidence presented at trial. Finding that the jury had failed to rule out an alternate hypothesis would repudiate the jury's right to weigh the evidence and assess the credibility of witnesses. *Id.* Therefore, Smith's first point of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second and third points of error, Smith contends that he received ineffective assistance of counsel in the guilt/innocence stage of his trial. Each of these points is based on the trial counsel's failure to object to or request a jury instruction on testimony that Smith alleges was erroneously admitted. We reject both claims.

To determine if a defendant has received ineffective assistance of counsel in the guilt/innocence phase of his trial, we apply the two-pronged test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). Under this test, the defendant must show (1) that his trial counsel's performance was so deficient that counsel made such serious errors that he was not functioning effectively as counsel; and (2) that the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. We entertain a strong presumption that the trial attorney rendered adequate assistance and exercised reasonable professional judgment. *Id.* at 689, 104 S.Ct. at 2065. An appellant will succeed in a claim of ineffective assistance of counsel when he or she can demonstrate a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* Rather than point out isolated attorney errors, a reviewing court must consider the totality of the representation to determine if counsel was ineffective. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim.App.1983).

Smith first contends that trial counsel was ineffective because he failed to request a jury instruction regarding a witness statement deemed inadmissible by the trial judge. Norma Benavides of CPS testified that the child had complained of pain when being touched by Smith. The State asked Benavides, "Would a hurt be more—when she's saying it hurt would it be more consistent with simple touching or with penetration?", and Benavides responded, "No; that would be relating to penetration." The defense counsel objected that the answer was speculative, and the trial judge sustained the objection. However, defense counsel failed to request that the judge instruct the jury to disregard the statement.

We cannot accept Smith's argument that this omission rises to the level of ineffective assistance of counsel. This is an isolated error in an otherwise fairly aggressive and competent defense. *See King,* 649 S.W.2d at 44 ("Ineffective assistance of counsel cannot be established by separating out one portion of the trial counsel's performance for examination"). In addition, admissible testimony regarding penetration was before the jury. The child's counselor testified that the child had reported digital penetration, and the medical expert testified that the physical evidence strongly suggested such penetration. Therefore, Benavides's statement was cumulative and thus not harmful.

Smith next contends that trial counsel's failure to object to testimony regarding Smith's past trouble with the law amounted to ineffective assistance of counsel. During the State's examination of Smith's wife, the victim's biological mother, she suggested that Smith had been convicted in Colorado for involvement with drugs:

Q: You don't know why Lloyd left the State of Colorado.

A: Colorado?

Q: Yes.

A: Maybe he was in trouble with drugs.

Q. Uh-huh. Do you want to tell us about that?

A: I really don't know much about that.

Q: Do you know whether Lloyd can go back to the State of Colorado?

A: I'm not sure.

. . . .

Q: Why is it then you think that he was in trouble with drugs in Colorado?

A: Because he told me.

Smith's trial attorney did not object to this testimony.

We do not believe that this omission, isolated in a record of generally competent representation, amounts to ineffective assistance of counsel. The error meets neither prong of the *Strickland* test: it neither demonstrates errors so egregious that they amounted to ineffective representation nor supports a reasonable probability that, but for this error, a different outcome might have been achieved. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. There was sufficient relevant, competent evidence to support the jury's finding. *See Ybarra v. State,* 890 S.W.2d 98, 113–14 (Tex. App.—San Antonio 1994, pet. ref'd) (isolated failure to object to extraneous defense not, by itself, ineffective assistance of counsel). Therefore, we overrule Smith's points on ineffective assistance of counsel.

Anticipating such a ruling, Smith argues alternatively that the trial court committed fundamental error in allowing this evidence to go to the jury and in failing to instruct the jury to disregard Benavides's speculative statement. Smith acknowledges that trial counsel neither requested a jury instruction regarding Benavides's testimony nor objected to the testimony regarding extraneous offenses. Smith also acknowledges that such objections are required to preserve error. *See* Tex.R.Crim. Evid. 103(a)(1) (objection required to preserve error where improper evidence was admitted); *see also* Tex.R.App. Proc. 33.1. Smith argues, however, that fundamental error need not have been preserved for appeal.

While Rule 103(d) does allow a reviewing court to reverse fundamental error that was not objected to, this exception to the rule requiring preservation of error is rarely applied. *See Miller v. State,* 939 S.W.2d 681, 688 (Tex.App.—El Paso 1996, no pet.) (stating that application of exception is "frugal"). When the error is improper admission of

evidence, it will be found to be fundamental only if the admission operates to render the defendant's trial fundamentally unfair. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim.App.1990). Further, the Texas Court of Criminal Appeals has specifically held that evidence of extraneous offenses must be objected to in order to preserve error. *Smith v. State,* 595 S.W.2d 120, 123 (Tex.Crim.App. 1980). Thus, Smith has waived any error. In addition, failure to instruct the jury to disregard Benavides's statement cannot be fundamental error. The Court of Criminal Appeals has held that the admission of purely repetitious evidence is not fundamental error. *Long v. State,* 742 S.W.2d 302, 331 n. 21 (Tex.Crim.App.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). Thus, we reject Smith's alternative claim that the evidentiary errors are egregious enough to be the basis of a reversal where they were unpreserved at trial, and we affirm the conviction.

DUNCAN, J., concurs in the judgment only.