Affirmed and Memorandum Opinion filed June 21, 2005









Affirmed
and Memorandum Opinion filed June 21, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01081-CR

____________

 

EUSTACIO OSTIGIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 278th
District Court

Grimes County, Texas

Trial Court Cause No. 14,977

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of sexual assault
and sentenced to forty years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  In a
single issue, appellant contends the trial court denied him due process and
committed fundamental error by allowing the State to impeach him with five
prior convictions involving crimes of violence. 
Because we hold that the admission of extraneous offense evidence is not
fundamental error that may be raised for the first time on appeal, we
affirm.  








I.        Procedural
Background

Appellant testified at trial and denied
sexually assaulting the complainant on July 28, 2002, as alleged in the
indictment.  During cross-examination,
the State questioned appellant about one arson conviction, two assaults, and a
conviction for robbery and assault on a handicapped person.  Appellant did not object to this
questioning.  A jury found appellant
guilty and, on August 29, 2003, the trial court assessed his punishment.

II.       The
Admission of Evidence of Extraneous Offenses is Not Fundamental Error

Appellant argues that admitting the
extraneous offenses—which he contends were not admissible under certain
evidentiary rules—violated his Fifth Amendment right to due process and
therefore constitutes fundamental error. 
The State counters that appellant has waived any complaint because he
failed to object to the admission of the evidence below.  We agree with the State.

To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  See Tex.
R. App. P. 33.1(a).  Appellant
does not acknowledge his failure to object below, but he argues the alleged
error was fundamental, presumably in an attempt to overcome this failure.  A reviewing court may take notice of
fundamental errors affecting substantial rights even if the errors were not
preserved at trial.  Tex. R. Evid. 103(d).   








Although appellant argues in his brief
that admitting the extraneous offenses violates Texas Rules of Evidence 404(b),
403, and 609(a), he cites no authority and makes no argument to support his
conclusory statement that admitting this evidence violates his due process
rights and constitutes fundamental error that may be raised for the first time
on appeal.  Indeed, the Texas Court of
Criminal Appeals has consistently held that the failure to object in a timely
and specific manner during trial forfeits complaints about the admissibility of
evidence, even when the error may concern a defendant’s constitutional
right.  Saldano v. State, 70
S.W.3d 873, 889 (Tex. Crim. App. 2002) (en banc); see also Tex. R. Evid. 103(a)(1) (providing that
error may not be predicated upon a ruling admitting evidence unless a
substantial right of the party is affected and a timely objection or motion to
strike appears of record, stating the specific ground or objection, if the
specific ground was not apparent from the context).  

All but the most fundamental rights may be
forfeited if not insisted upon by the party to whom they belong.  See Saldano, 70 S.W.3d at 887.  An exception applies to two “relatively
small” categories of errors:  (1)
violations of waivable-only rights; and (2) denials of absolute, systemic
requirements.  See Aldrich v. State,
104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (en banc); Saldano, 70 S.W.3d
at 888.  Examples of rights that are
waivable-only include the right to the assistance of counsel, the right to
trial by jury, and a right of appointed counsel to have ten days of trial
preparation which a statute specifically made waivable-only.  Aldrich, 104 S.W.3d at 895.  Examples of absolute, systemic requirements
include jurisdiction of the person, jurisdiction of the subject matter, and a
penal statute’s being in compliance with the Separation of Powers section of
the state constitution.  Id. 








That the State refrain from introducing
evidence that violates evidentiary rules is neither an absolute, systemic
requirement nor a right that is waivable-only. 
See Saldano, 70 S.W.3d at 889–90 (holding appellant waived
complaint that admission of expert testimony violated his equal protection
rights when he failed to object below); see also Marin v. State,
851 S.W.2d 275, 278 (Tex. Crim. App. 1993) (en banc), overruled on other
grounds, Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997) (en banc)
(acknowledging that most evidentiary and procedural rights are rights that are
implemented by request only).  Therefore,
even assuming the trial court erred in admitting the extraneous offenses, any
error was not fundamental error.  See Saldano,
70 S.W.3d at 890; see also Moore v. State, 935 S.W.2d 124, 130 (Tex.
Crim. App. 1996) (en banc) (holding admission of hearsay not fundamental
error); Smith v. State, 961 S.W.2d 501, 506 (Tex. App.—San Antonio 1997,
no pet) (holding admission of evidence of extraneous offenses not fundamental
error); Heiman v. State, 923 S.W.2d 622, 624 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d) (same). 
Accordingly, nothing is preserved for review.

III.      Conclusion

The trial court’s judgment is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 21, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).