

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00533-CR

Dennis **RIVERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8512
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  May 15, 2013

AFFIRMED

The sole complaint raised in this appeal is that the trial court abused its discretion in admitting testimony by the complainant regarding Dennis Rivera's commission of a prior homicide.  Rivera contends the testimony was evidence of an extraneous offense that should have been excluded under Rule 403 or Rule 404(b) of the Texas Rules of Evidence.  Because Rivera failed to preserve his complaint with a timely objection, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

Rivera was charged with aggravated assault with a deadly weapon on a family member. Before trial, the trial court granted Rivera's motion in limine regarding his commission of a prior unadjudicated homicide. During the complainant's testimony, the complainant stated that Rivera told her that he had "killed somebody." No objection was made by defense counsel until the conclusion of the State's direct examination of the witness.[1]

## PRESERVATION OF ERROR

To preserve an issue for appellate review, a party must timely object, stating the specific legal basis for the objection. TEX. R. APP. P. 33.1(a)(1). An objection is timely if made at the earliest opportunity or as soon as the grounds for the objection become apparent. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Batiste v. State*, 217 S.W.3d 74, 81 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "[T]he failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). In this case, counsel's objection to the witness's statement was untimely.

Acknowledging that the objection was untimely, Rivera suggests that this court review the admission of the extraneous offense as fundamental error. Both the Texas Court of Criminal Appeals and this court, however, have refused to review the admission of an extraneous offense as fundamental error. *See Smith v. State*, 595 S.W.2d 120, 123 (Tex. Crim. App. 1980) ("failure to object waives any error in admission of evidence tending to show an extraneous offense"); *Smith v. State*, 961 S.W.2d 501, 506 (Tex. App.—San Antonio 1997, no pet.) (rejecting contention that admission of extraneous offense evidence is "egregious enough to be the basis of a reversal where [the claimed error was] unpreserved at trial").

---

[1] The objection appears in the record approximately forty pages after the complainant made the statement.

### CONCLUSION

Because Rivera failed to preserve his complaint regarding the admission of the complainant's statement referencing a prior unadjudicated homicide, his complaint is overruled, and the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH