

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00174-CR**

EFRAIN MUNIZ                                                              APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Efrain Muniz was convicted of sexual assault and sentenced to eight years' confinement and a $5000 fine. On appeal he challenges the sufficiency of the evidence and raises possible jury-charge error. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

Appellant and the complainant married in July 2009 but separated in September 2010. On February 4, 2011, Appellant went to the complainant's home to discuss an income-tax issue. Appellant was intoxicated when he arrived. Appellant told the complainant that he loved her and tried to kiss her, which she repeatedly rebuffed. The complainant locked herself in the bathroom, called her mother's phone number on her cell phone, and put the phone in her pocket. When the complainant attempted to leave the bathroom, Appellant pushed her against the bathroom mirror and again tried to kiss her. The complainant got away, but Appellant followed her and pushed her onto a couch. The complainant got up from the couch and told Appellant she was going to call the police. Around this same time, the complainant's mother kept receiving phone calls from the complainant and heard the complainant's struggles with Appellant. She called the police after speaking with the complainant.

Appellant threw the complainant face down onto the couch and yanked her pants and underwear off, which caused her to fall to the floor. The complainant began kicking at Appellant to keep him away. She was unsuccessful, however, and Appellant put his forearm across her neck and twice digitally penetrated her anus as she tried to hold her legs together and screamed for help. Appellant did not penetrate the complainant's vagina, but she believed "that's where he was meaning for [his fingers] to go." When the police arrived, they heard the

complainant crying for help and saw Appellant leaning over her with "his hands around her head."[2]

The police arrested Appellant and put him in handcuffs. Appellant asked if the handcuffs could be removed so he could put his penis back in his pants. The handcuffs were not removed, and Appellant was able to zip his pants when the handcuffs were eventually removed at the jail.

The next day, the complainant went to a hospital to receive a sexual-assault examination. The examining nurse, Callie Seigler, noted that the complainant had abrasions on her hip, chin, and lower leg. The complainant reported that her "entire hip area was sore" and that the back of her head was tender. Seigler stated that the complainant had "an abraded and swollen area" from the entrance to the vagina to the posterior fourchette.[3] She did not have trauma to her anus, which is common even if penetration to the anus had occurred.

A grand jury indicted Appellant for aggravated sexual assault:

[Appellant], hereinafter called defendant, on or about the 4th day of February, A.D. 2011, . . . did then and there intentionally or knowingly cause the penetration of the anus of [the complainant] by defendant's finger, without the consent of [the complainant], and the defendant did then and there by acts or words threaten to cause or

---

[2]The complainant stated that before the police arrived, Appellant had grabbed her hair and threatened to kill her if she did not fellate him.

[3]The posterior fourchette is located at the bottom of the vaginal area where the labia minora join. In short, the complainant had abrasions to the bottom of her vaginal area near her anus.

3

place [the complainant] in fear that serious bodily injury would be imminently inflicted on [the complainant], and said acts or words occurred in the presence of [the complainant].

*See* Tex. Penal Code Ann. § 22.021(a) (West Supp. 2013). After a trial on the merits, Appellant requested jury instructions on the offenses of attempted aggravated sexual assault, attempted sexual assault, and assault causing bodily injury. The trial court denied Appellant's requests but did include an instruction on sexual assault as well as aggravated sexual assault. The jury found Appellant guilty of sexual assault and assessed his punishment at eight years' confinement and a $5,000 fine. *See id.* § 22.011 (West 2011).

## II. SUFFICIENCY OF THE EVIDENCE

In his first point, Appellant argues that the evidence is insufficient to support his conviction for sexual assault because there was no evidence presented to show that the anal penetration was done intentionally or knowingly. Appellant argues that the evidence "at best" shows that Appellant's penetration of complainant's anus was the result of criminal negligence.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). In conducting this review, we determine whether any necessary inferences are reasonable "based upon the combined and cumulative

4

force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011). The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the fact-finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Here, the complainant testified that Appellant digitally penetrated her anus twice while holding her down with his forearm. The fact that Appellant caused injury to the lower portion of her vaginal area and could have been attempting to penetrate her vagina does not render the evidence insufficient to show that he had the requisite intent to penetrate her anus. Because the penetration occurred

5

more than once, a reasonable fact-finder could conclude from the surrounding circumstances that Appellant intended to penetrate the complainant's anus knowingly or intentionally.[4]  *See, e.g.*, *Galvan v. State*, No. 04-99-00702-CR, 2001 WL 725673, at *2 (Tex. App.—San Antonio June 29, 2001, no pet.) (not designated for publication); *Smith v. State*, 961 S.W.2d 501, 503–04 (Tex. App.—San Antonio 1997, no pet.).  *See generally Ruffin v. State*, 270 S.W.3d 586, 591 (Tex. Crim. App. 2008) (holding Texas law presumes that a criminal defendant intends the natural consequences of his acts); *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (holding intent may "be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant").  The jury concluded that Appellant acted intentionally or knowingly, and we may not substitute our judgment in place of the jury's.  We overrule Appellant's first point.

---

[4]"A person acts intentionally . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."  Tex. Penal Code Ann. § 6.03(a) (West 2011).  "A person acts knowingly . . . with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."  *Id.* § 6.03(b).

### III. JURY CHARGE

In his second point, Appellant asserts that the trial court erred by refusing to instruct the jury on the lesser-included offenses of attempted aggravated sexual assault and attempted sexual assault.

### A. STANDARD OF REVIEW

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error occurred and the error was preserved, we must reverse if there was some harm to Appellant from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Reeves v. State*, No. PD-1711-12, 2013 WL 5221142, at *2–3 (Tex. Crim. App. Sept. 18, 2013). If error occurred and the error was not preserved, we may reverse only when the error resulted in egregious harm. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005).

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). "An offense is a lesser included offense if . . . it consists of an attempt to

commit the offense charged or an otherwise included offense." Tex. Code Crim. Proc. Ann. art. 37.09(4). If this analysis supports a determination that the requested lesser offense is a lesser-included offense, we then must determine whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense. *State v. Meru*, 414 S.W.3d 159, 162–63 (Tex. Crim. App. 2013).

### B. ATTEMPT OFFENSES BASED ON EXPOSURE

At trial, Appellant sought an instruction on the lesser offense of attempted aggravated sexual assault based on his attempt to penetrate the complainant with his penis: "The Defendant did an act; to wit, the Defendant removed his penis from his pants and said act amounted to more than [mere] preparation that tended but failed to effect the commission of the offense intended." He requested the same instruction for the lesser offense of attempted sexual assault: "The Defendant did an act; to wit, the Defendant removed [his] penis from his pants, an act which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." *See generally* Tex. Code Crim. Proc. Ann. art. 36.15 (West 2006) (providing procedure to request special instructions).

In his appellate brief, Appellant specifically states that he now appeals the denial of the instructions he requested at trial: "Defense Counsel timely requested the instruction for the lesser-included offenses to be included into the jury charge; Defense Counsel's request was denied." Indeed, Appellant argues

8

the harm standard applicable to preserved jury-charge error. *See id.* art. 36.19 (West 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). However, Appellant asserts on appeal that he was entitled to the requested lesser-offense instructions because he attempted, yet failed, to penetrate the complainant's anus digitally, which is distinct from his trial request. In an abundance of caution, we will address Appellant's trial and appellate arguments. *See Kirsch*, 357 S.W.3d at 649.

Appellant was charged with sexual assault by digital penetration, not by penile penetration; thus, the act Appellant described as a lesser-included offense is not encompassed within an attempt to commit the offense charged. *See Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (explaining "indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed"). Under the facts of this case, attempted aggravated sexual assault and attempted sexual assault based on the exposure of Appellant's penis were not lesser-included offenses of aggravated sexual assault or sexual assault based on Appellant's digital penetration of the complainant. Because Appellant has failed to meet the first part of the test, we need not address whether the evidence would permit a rational jury to find that if Appellant is guilty, he is guilty only of the lesser-included offense. *See LaSalle v. State*, 973 S.W.2d 467, 476 (Tex. App.—Beaumont 1998, pet. ref'd).

9

## C. ATTEMPT OFFENSES BASED ON LACK OF PENETRATION

On appeal, Appellant additionally contends that he was entitled to instructions on the lesser offenses of attempted aggravated sexual assault and attempted sexual assault because he attempted, yet failed, to digitally penetrate the complainant's anus. He asserts that his statement to police that he never penetrated the complainant, the failure to test Appellant's fingers for DNA evidence, and the lack of trauma to the complainant's anus rendered attempted aggravated sexual assault and attempted sexual assault lesser-included offenses of the charged offense warranting a jury instruction.

Appellant, however, did not request an instruction on the lesser offenses of attempted aggravated sexual assault and attempted sexual assault on the basis of a failed attempt to penetrate the complainant's anus with his fingers. Appellant's requests were based on his contention that the evidence showed he attempted, but failed, to penetrate the complainant with his penis. The submission of a lesser-included offense is similar to a defensive issue; thus, a trial court has no duty to sua sponte instruct the jury on a lesser-included offense absent a request by the defense for its inclusion in the jury charge. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). Appellant did not request instructions on the lesser-included attempt offenses based on his failure to actually penetrate the complainant's anus with his fingers. Accordingly, such instructions were not the applicable law of the case, and the trial court did not err in failing to sua sponte include the unrequested lesser-included-offense

instructions in the charge. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Tolbert*, 306 S.W.3d at 781.

We overrule Appellant's second point.

## IV.  CONCLUSION

Having overruled Appellant's points, we affirm the trial court's judgment.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 6, 2014