ACCEPTED
03-15-00246-CR
6625461
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 3:10:10 PM
JEFFREY D. KYLE
CLERK

03-15-00246-CR

_____

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 3:10:10 PM
JEFFREY D. KYLE
Clerk

_____

MARK MCMURPHY,

Appellant,

VS.

THE STATE OF TEXAS

Appellee,

_____

From the 207th Judicial District Court of Comal County, Texas

_____

APPELLANT'S BRIEF

_____

Respectfully submitted,

Law Offices of Gary F Churak
Gary F. Churak
State Bar No. 04245500
14310 Northbrook Ste. 210
San Antonio, Texas 78232
Tel: (210) 491-4443
Fax: (210) 491-4446

Appellant request Oral argument

1

CERTIFICATE OF PARTIES, INTERESTED PERSONS, AND COUNSEL

In order that the members of this Court may determine disqualification and recusal under the Texas Rules of Appellate Procedure 15 and 15a, Appellee certifies that the following is a complete list of all parties, attorneys, and other persons who have an interest in the outcome of this proceeding:

| Name of Party | Designation (Appeal/Trial Court) | Counsel |
| --- | --- | --- |
| Mark McMurphy | Appellant/Defendant | Jodi Sawyer<br>111 Soledad, Ste. 300<br>San Antonio, Texas<br>Trial Counsel |
| | | James Todd Dunham<br>1140 S. Laredo<br>San Antonio, Texas<br>Trial Counsel |
| | | Gary F. Churak<br>14310 Northbrook,<br>Ste. 210<br>San Antonio, Texas<br>Appellate Counsel |
| State of Texas | Appellee/State | Daniel Palmitier<br>Ast. District Attorney<br>Comal County Texas<br>150 N. Seguin<br>New Braunfels, Texas<br>Trial Counsel |
| | | Jacqueline H. Doyer<br>Ast. District Attorney<br>Comal County Texas<br>150 N. Seguin<br>New Braunfels, Texas<br>Trial Counsel |

**REQUEST FOR ORAL ARGUMENT**

Appellant requests oral argument.

**NOTATIONS AS TO CITATION FORMS**

Appellant uses the following citation forms:

1. The Reporter record will be referred to as the volume number, then "R" and the page number. (E.g.: 3R12 refers to page 12 of the 3rd volume of the reporter's record.)

2. The clerk's record will be referred to as "C", followed by the bate stamped page number.

## TABLE OF CONTENTS

PAGE

CERTIFICATE OF PARTIES, INTERESTED
PERSONS, AND COUNSEL . . . . . . . . . . . . . . . . . . .            2

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

NOTATIONS AS TO CITATION FORMS . . . . . . . . . . . . . . . . . . . . . . . . .. 3

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . .           4,5

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . .           5,6

PRELIMINARY STATEMENT-NATURE OF THE CASE . . . . . . . . . .      8

POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . .. . . . . . .           8

Point of Error No.1

Whether the evidence against Appellant was legally and factually insufficient to support the verdict

Point of Error No.2

The Trial Court erred in denying Defendant's Motion to Suppress

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . .          8,9

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . .           8

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . .           9

POINT OF ERROR NO.1 . . . . . .. . . . . . . . . . . .     9

POINT OF EROR NO.2 . . . . . . . . . . . . . . . . .     14

PRAYER AND CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . .     15

CERTIFICATE OF COMPLIANCE………………………………..     16

CERTIFICATE OF SERVICE . . . . .. . . . . . . . . . . . .     16

<u>INDEX OF AUTHORITIES</u>

CASES:

                                                         PAGE

*Adelman v. State 828 S.W. 2d 418 (Tex. Crim. App. 1992)* . . . . . . . . . . . . . .   *10*

*Barfield v. State 63 S.W.3d 446 (Tex. Crim. App. 2001.* . . . . . . . .. . . . . .   10

*Cates v. State 120 S.W. 3rd 352 (Tex. Crim. App. 2003)*……………………   *10*

*Gardner v. State, 699 S.W. 2d 831, 835 Tex. App. 1985)* . . . . . . . .. . . . .   10

*Garza v. State, 215 S.W 2d 642 (Tex. Crim. App. 1986.* . . . . . . . . .. . . . .   10

*Gearhart v. State, 122 S.W.3d 459 (Tex. App—Corpus Christi, pet ref'd).* . . . 10,13

*Goodman v. State,* 66 S.W. 3d 283 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . .10

*Gold v. State, 736 S.W.2d 685 (Tex. Civ. App. 1992);* . . . . . . . . . . . . . . . .   10

*Franks v. Delaware 438 U.S. 154 (1978)*…………………………………….. *16*

*Holloway v. State, 695 S.W.2d 112 (Tex. App.—Fort Worth, 1985, no pet)* . . . . . 10

*Houston v. State, 63 S.W.2d 455 (Tex. Crim.App. 1984)* . . . . . . . . . . . . . . . . . 10

*Jackson v Virginia, 443 U.S. 307 (1979.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Johnson v. State, 23 S.W. 3d 1 (Tex. Crim. App. 2000)* . . . . . . . . . . . . . . . . . 11,12

*Jones v. State 338 S.W. 3rd 725 (Tex. App.-Houston [1st dist] 2011* . . . . . . . . . . . . . . .   16

*Ramsey v. State 579 S.W. 2nd 920 (Tex. Crim. App. 1979)* . . . . . . . . . . . . . . . . . . . . . . . .   16

*Richardson v. State,973 S.W.2d 384 (Tex. App.--Dallas 1998, no pet)*. . . . . . . . . . 13

*Rojas v. State, 986 S.W. 2d 241 (Tex. Crim. App. 1998)* . . . . . . . . . . . . . . . . . .   12

*Scneider v State 943 S.W.2d 194 (Tex. App--Beaumont 1997, no pet);* . . . . . . . . . . . . . . . . 13

*Smith v. State. 961 S.W.2d 501 (Tex.App--San Antonio 1997. reh. den.)* . . .   11,13

*Swearington v. State, 101 S.W. 3d 89 (Tex. Crim. App. 2003)* . . . . . . . . . . . . . .   12

*Wallace v. State. 955S.W. 2d 148 (Tex. App--Beaumont 1997. no pet)* . . . . . . .   13

*Zulicani v. State, 97 S.W. 2d 589 (Tex. Crim App. 2003)* . . . . . . . . . . . . . . . . . . . . . . . . . .   12

03-15-00246-CR

_____

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
OF TEXAS AT AUSTIN

_____

MARK MCMURPHY,

Appellant,

VS.

THE STATE OF TEXAS

Appellee,

_____

From the 207th Judicial District Court of Comal County, Texas

_____

APPELLANT'S BRIEF

_____

TO THE HONORABLE COURT OF APPEALS:

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

Appellant was indicted on February 12, 2014 for DWI with two or more prior convictions (C-6-8). After a jury trial, the Appellant was found guilty of the offense of assault on a public servant on January 15, 2015 (4R116) and sentenced by the jury to sixty years TDC. (5R74)

## STATEMENT OF POINTS OF ERROR

### POINT OF ERROR NO.1

Whether the evidence against Appellant was legally and factually insufficient to support the verdict

### POINT OF ERROR NO.2

The Trial Court erred in denying Defendant's Motion to Suppress

## STATEMENT OF THE FACTS

Appellant was accused of DWI two or more previous convictions on or about October 3, 2013. (C-6-8) (3R187). Officer Pelata of the Garden Ridge Police Department was dispatched to the EZ Mart located at 19501 FM 3009, Garden Ridge, Texas for an alleges intoxicated person. (3R-146). Officer Pelata pulled into the EZ Mart parking lot and saw Defendant McMurphy talking to Porter an employee of EZ mart. (3R147). Officer Pelata administered field sobriety tests to McMurphy. (3R-194-195). Officer Pelata advised another officer on the scene that he could not put McMurphy behind the wheel so he could arrest

8

him for PI. (3R35) Officer Pelata arrested McMurphy for DWI without evidence that he was behind the wheel. (3R187). Officer Pelata did not talk to any other witnesses before administering Field Sobriety test to McMurphy. (3R192-193) Officer Pelata arrested McMurphy for DWI without talking to any other witnesses beside McMurphy. (3R47)  McMurphy refused a blood test and Officer Pelata drew up a search warrant for a blood draw and faxed it to the Judge. (3R189) Officer Pelata in his affidavit for search warrant that he spoke to Porter and another young lady before he arrested McMurphy for DWI. (3R192) Officer Pelata further swore under oath in his Affidavit for Search Warrant that he qualified McMurphy for the field sobriety test when he did not. (3R194-195)

## SUMMARY OF THE ARGUMENT

1. The evidence against Appellant was legally and factually insufficient to support the verdict.

2. The Court erred in failing to grant Defendant's Motion to Suppress.

## *ARGUMENT*

### *ISSUE NO. 1* (RESTATED)

Whether the evidence against Appellant was legally and factually insufficient to support the verdict.

*A. Legal insufficiency*

In *Jackson v Virginia, 443 U.S. 307 (1979*) the United States Supreme Court established the test of legal sufficiency as to whether any rational trier of fact could find guilt beyond a reasonable doubt. Moreover, the sufficiency issue must always be addressed by the appellate court even though the case is reversed on other grounds because an insufficiency ruling by the appellate court would prevent retrial of the case. *Garza v. State, 215 S.W 2d 642 (Tex. Crim. App. 1986;*

In reviewing a legal insufficiency of evidence claim, the court looks at the evidence in the light most favorable to the verdict of judgment. *Houston v. State, 63 S.W.2d 455 (Tex. Crim.App. 1984)* The legal sufficiency of evidence review is limited by certain evidentiary consideration. The evidence introduced at trial and penalty phases may be considered in resolving the legal sufficiency issue but only the trial evidence may be considered in this review. *Barfield v. State 63 S.W.3d 446 (Tex. Crim. App. 2001)*; Also, the evidence is sufficient if the state has affirmatively proven each of the essential elements of the offense beyond a reasonable doubt. *Adelman v. State 828 S.W. 2d 418 (Tex. Crim. App. 1992)*; This means that the State cannot prove its case merely by disbelieving the defendant's contrary **assertions**. *Gold v. State, 736 S.W.2d 685 (Tex. Civ. App. 1992)*; Nor, does the sufficiency determination involve a credibility determination or a "balancing" of competing quantitative items of evidence. *Holloway v. State, 695*

*S.W.2d 112 (Tex. App.—Fort Worth, 1985, no pet); Smith v. State, 789 S.W.2d 419 (Tex. App—Houston [1ˢᵗ Dist.], 1990, pet ref'd)*; Furthermore, although the appellate court can generally consider inadmissible evidence introduced at trial in considering the legal sufficiency issue, inadmissible hearsay may not be considered in this review if it was objected to at trial. *Gardner v. State, 699 S.W. 2d 831, 835 Tex. App. 1985)*

If a judgment is reversed for legal insufficiency following a jury trial, the appellate court reforms the conviction to reflect conviction of a lesser included offense if: (1) the evidence is sufficient to convict for that lesser offense, and (2) a jury charge on the lesser offense was either submitted or requested but denied. *Gearhart v. State, 122 S.W.3d 459 (Tex. App—Corpus Christi, pet ref'd)*; Otherwise, the judgment of conviction is vacated for legal insufficiency and a judgment of acquittal is ordered. *Id at 466*;

B. *Factual Insufficiency*

Appellate courts are constitutionally empowered to review the judgment of a trial court to determine the factual sufficiency of the evidence used to establish the elements of the charged offense. *Johnson v. State, 23 S.W. 3d 1 (Tex. Crim. App. 2000)*; This factual review requires the court to assess the evidence neutrally, not through the prism of the "light most favorable to the prosecution." The judgment of the trial court is reversed only if it is so contrary to the overwhelming weight of

11

the evidence as to be clearly wrong and unjust. A clearly wrong and unjust finding of guilt is one that is 'manifestly unjust" or "shocks the conscience" or "clearly demonstrates bias". *Rojas v. State, 986 S.W. 2d 241 (Tex. Crim. App. 1998)* The factual sufficiency review determines the correctness of the fact finder's weighing of the evidence. *Clevis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996)* The court reviews that evidence that tend to prove a disputed material fact and compare it with the evidence that tends to disprove it. There is no doubt that the appellate court must give deference to the judgment of the trial court; however, the appellate court is authorized to disagree with the fact finder's determination in order to stop "manifest injustice." *Johnson v.* State, 23 S.W.3d 9 (Tex. Crime. App. 2002). The judgment of the trial court is reversed only if the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Swearington v. State, 101 S.W. 3d 89 (Tex. Crim. App. 2003)* In resolving this issue the "manifestly unjust" standard of proof applies if the accused did not have the burden of proof at trial. Otherwise, the "against the great weight and preponderance" standard applies." *Zulicani v. State, 97 S.W. 2d 589 (Tex. Crim App. 2003)*

In addition, the reviewing court may consider an alternative reasonable hypothesis when reviewing factual sufficiency of the evidence to support a

conviction based on circumstantial evidence. Several courts of appeals have held that a reviewing court may consider the existence of all alternative reasonable hypotheses in conducting such review. *Stone v* State. 823 S.W.2d 375 (Tex App.--Austin 1992. pet. ref d); *Scneider v State* 943 S.W.2d 194 (Tex. App--Beaumont 1997, no pet); *Wallace v. State.* 955S.W. 2d 148 (Tex. App--Beaumont 1997. no pet); *Smith v. State.* 961 S.W.2d 501 (Tex.App--San Antonio 1997. reh. den.) *Richardson v. State, 973* S.W.2d 384 (Tex. App.--Dallas 1998, no pet).

In *Goodman v. State,* 66 S.W. 3d 283 (Tex. Crim. App. 2001) the Court of Criminal Appeals remanded a lower court's reversal of a child abuse conviction on factual sufficiency grounds even though the Court recognized that the lower court listed five alternative reasons for causation or explanation for the child's injuries. The *Goodman* court ruled that listing the reasons without explaining the nature and extent of those theories in regards to the standard of proof was not enough to support the lower court to make that analysis. When a case is reversed for factual sufficiency, the judgment of the trial court is vacated and the case remanded to that trial court for retrial. *Gearhart v. State* 122 S.W.3d 459 (Tex. APP.--Corpus Christ 2003).

In the present case the charge of the court instructed the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of October 2013 in Comal County, Texas, the defendant, Mark Gordon McMurphy, operated a motor vehicle in a public place, to wit, on a public road or highway while intoxicated"

As to the legal sufficiency and as a result of the foregoing no rational trier of fact could find guilt beyond a reasonable doubt that the Appellate operated a motor vehicle in a public place as defined in the charge when the only evidence submitted was that McMurphy was arrested in the EZ Mart parking lot while outside of his vehicle. There was no evidence that McMurphy operated a motor vehicle on a public road or highway.

This Court must undertake to review the sufficiency issue despite the existence of other grounds for reversal because an insufficiency ruling by this Court would require retrial of the case. In reviewing this legal insufficiency of evidence claim, this court must look at the evidence in the light most favorable to the verdict of judgment. The evidence is sufficient if the state has affirmatively proven each of the essential elements of the offense beyond a reasonable doubt. The evidence is not sufficient merely because the State merely disbelieves the Appellant's assertions. This Court cannot resolve the legal sufficiency issue by a determination of credibility or by "balancing" the competing quantitative items of evidence.

As to the factual sufficiency, this court must assess the evidence neutrally,

not through the prism of the "light most favorable to the prosecution. The State's evidence the State relied upon is contradicted and refuted. The Appellant's evidence disproved the State's case.

The evidence used to convict the Appellant is so obviously weak as to undermine confidence in the fact finder's determination. Also, the evidence used to convict the Appellant, if taken alone, is greatly outweighed by contrary proof. The judgment of the trial court is "against the great weight and preponderance."

There are no alternative reasonable hypotheses that this Court can rely upon in reviewing the factual sufficiency. Instead, the proper remedy in the present case is to reverse and vacate the judgment of the trial court and remand the case for retrial.

## *ISSUE NO. 2* **(RESTATED)**

The Trial Court erred in denying Defendant's Motion to Suppress

Appellant's Trial Counsel filed a Motion to suppress evidence including the blood test and field sobriety tests. (C42-46) After a hearing the court denied the Motion. (3R58) during the trial Officer Pelata proffered testimony that he obtained the blood draw search warrant through the submission of a fraudulent Affidavit. Specifically, Officer Pelata testified that he spoke to witnesses in the Affidavit which he did not. (3R192-193) Further Officer Pelata stated in the blood draw search

15

warrant affidavit that he qualified McMurphy for the field sobriety test when in fact he had not. (3R194-195). Trial Counsel for McMurphy reasserted the Motion to Suppress after that testimony was on the record and the court once again denied the Motion. (4R49-50) Trial Counsel had no knowledge that the Affidavit contained false facts until trial and could not assert that at the pre-trial hearing on the Motion to Suppress. The United States Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978) set forth the review standard for suppressing a search warrant on the basis of a fraudulent affidavit. In Franks v. Delaware the court held that the Defendant must allege deliberate falsehood or reckless disregard for the truth by the affiant. Id at 171. In the case at hand it was established through the testimony of Officer Pelata that he did not have evidence to place McMurphy behind the wheel. (3R35). Officer Pelata further testified that he fraudulently stated in his affidavit that he had spoken to witnesses who placed McMurphy behind the wheel as a basis for his blood draw warrant. (3R186) Further Officer Pelata in his affidavit stated that he qualified McMurphy for the field sobriety tests when in fact he did not. (3R194-195) When the fraudulent facts are removed from Officer Pelata's Affidavit the remaining content is insufficient to support the issuance of the blood draw warrant. Cates v. State, 120 S.W, 3rd 352, 356 (Tex. Crim. App. 2003); Ramsey v. State, 579 S. W. 2nd 920, 922 (Tex. Crim. App. 1979); Jones v. State, 338 S.W.3rd 725, Tex. App.-Houston [1st Dist.], 2011. As a result of the above the court erred in denying McMurphy's Motion

to Suppress the blood draw.

## **PRAYER AND CONCLUSION**

The evidence against Appellant was legally and factually insufficient to support the verdict.

The Trial Court erred in denying Defendant's Motion to Suppress

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that this Court reverse the judgments of the trial court and render a judgment in the Appellants favor.  Alternatively, Appellant prays that this court reverse and remand the case in its entirety to the trial court for a new trial on the guilt and innocence and sentencing phases of the case.

Respectfully submitted,

Law Offices of Gary F. Churak P.C.
14310 Northbrook, Ste. 210
San Antonio, Texas 78232
(210) 491-4443
Fax (210) 491-4446


By: /s/ Gary F. Churak
    Gary F. Churak
    State Bar No. 04245500
    Attorney for Appellant

## CERTIFICATE OF COMPLAINCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1910 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was sent this 21st day of August, 2015 to Daniel Palmitier, Comal County District Attorney, 150 N. Seguin, New Braunfels, Texas 78130pursuant to the Texas Rules of Appellate Procedure.

/s/ Gary F. Churak
Gary F. Churak